Wilmington Sav. Fund Socy., FSB v Rodriguez (2021 NY Slip Op 04784)





Wilmington Sav. Fund Socy., FSB v Rodriguez


2021 NY Slip Op 04784


Decided on August 25, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 25, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2019-04024
 (Index No. 15695/11)

[*1]Wilmington Savings Fund Society, FSB, etc., appellant,
v
Transito Rodriguez, et al., defendants, Daniel Echevarria, respondent.


Borchert & LaSpina, P.C., Whitestone, NY (Edward A. Vincent of counsel), for appellant.
Esagoff Law Group, P.C., Great Neck, NY (Janet Nina Esagoff of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered February 14, 2019. The order granted the motion of the defendant Daniel Echevarria to vacate a judgment of foreclosure and sale of the same court entered July 26, 2018, upon his failure to answer the complaint, and to compel the plaintiff to accept that defendant's late answer.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, the motion of the defendant Daniel Echevarria to vacate the judgment of foreclosure and sale and to compel the plaintiff to accept his late answer is denied, and the judgment of foreclosure and sale is reinstated.
On December 27, 2004, the defendant Transito Rodriguez purchased the subject property, located in Elmhurst, from nonparty Orlando E. Falconi, funded by the proceeds of a loan secured by a mortgage executed by Rodriguez. On July 1, 2011, CitiMortgage, Inc., the plaintiff's predecessor in interest, commenced this action against Rodriguez and others to foreclose the mortgage and subsequently obtained an order of reference. Thereafter, the mortgage was assigned to the plaintiff, and the plaintiff moved for a judgment of foreclosure and sale, with no opposition from Rodriguez. However, nonparty Daniel Echevarria cross-moved, inter alia, for leave to intervene in the action, alleging that Falconi, his deceased father, was still the owner of the property, and the deed that conveyed the property to Rodriguez was fraudulent. As proof of the alleged fraud, Echevarria submitted a copy of a translated report from a governmental agency in Peru showing that Falconi was in Peru on December 27, 2004, the day he purportedly signed and executed the deed.
In an order dated May 31, 2017, the Supreme Court denied the plaintiff's motion for a judgment of foreclosure and sale, and granted that branch of Echevarria's cross motion which was for leave to intervene as a defendant in the action. In addition, the order directed Echevarria to serve an answer to the complaint within 20 days after service of a copy of the order with notice of entry. A copy of the order with notice of entry was served on Echevarria on June 16, 2017.
No answer having been served by Echevarria, in October 2017, the plaintiff moved, inter alia, for leave to enter a default judgment against Echevarria and for a judgment of foreclosure and sale. The Supreme Court granted the motion, and a judgment of foreclosure and sale was entered on July 26, 2018. The foreclosure sale was scheduled for October 5, 2018.
Two days before the foreclosure sale was scheduled to be held, Echevarria moved to vacate the judgment of foreclosure and sale and to compel the plaintiff to accept his late answer. The Supreme Court granted Echevarria's motion, and the plaintiff appeals.
A defendant seeking to vacate a default in answering or appearing pursuant to CPLR 5015(a)(1) must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action (see LaSalle Bank N.A. v Calle, 153 AD3d 801, 802; Deutsche Bank Natl. Trust Co. v Ramirez, 117 AD3d 674, 675). Law office failure may be accepted as a reasonable excuse in the exercise of the court's sound discretion (see Bank of N.Y. Mellon Tr. Co., N.A. v Talukder, 176 AD3d 772, 774), and a defendant may establish "a reasonable excuse for his [or her] default based upon his [or her] attorney's failure to respond to the summons and complaint" (JP Morgan Chase Bank, N.A. v Russo, 121 AD3d 1048, 1049). "Nevertheless, while CPLR 2005 allows courts to excuse a default due to law office failure, it was not the Legislature's intent to routinely excuse such defaults, and mere neglect will not be accepted as a reasonable excuse" (Maruf v E.B. Mgt. Props., LLC, 181 AD3d 670, 671-672 [internal quotation marks omitted]; see Bank of N.Y. Mellon Trust Co., N.A. v Talukder, 176 AD3d at 774). "A conclusory, undetailed and uncorroborated claim of law office failure does not amount to a reasonable excuse" (Bank of N.Y. Mellon Tr. Co., N.A. v Talukder, 176 AD3d at 774 [internal quotation marks omitted]; see Bank of N.Y. Mellon v Colucci, 138 AD3d 1047).
Here, in support of his motion, Echevarria submitted an affidavit in which he asserted that his defaults "were due entirely to [the] negligence" of his prior attorney, who, without Echevarria's knowledge, failed to file an answer to the complaint or opposition to the plaintiff's motion for leave to enter a default judgment against Echevarria. According to his affidavit, Echevarria only learned of the defaults upon receiving notice of the foreclosure sale. We agree with the plaintiff that Echevarria's claim of law office failure, which was based solely on the "conclusory and unsubstantiated" allegations in his affidavit, was insufficient to amount to a reasonable excuse (Wright v Brooklyn Renaissance Funding Co., LLC, 174 AD3d 676, 677; see LaSalle Bank N.A. v Calle, 153 AD3d at 803).
Moreover, contrary to Echevarria's contention, his affidavit was not uncontroverted (cf. Deutsche Bank Natl. Trust Co. v Luden, 91 AD3d 701). Rather, Echevarria's claim of law office failure was refuted in an affidavit sworn to by his prior counsel (see Baruch v Nassau County, 134 AD3d 658, 659), who stated that he and Echevarria had decided together not to pursue the forgery claim after discovering an error in the translation of the Peruvian document upon which the claim was based. Accordingly, the Supreme Court improvidently exercised its discretion in determining that Echevarria demonstrated a reasonable excuse for his default based upon his affidavit.
Since Echevarria failed to demonstrate a reasonable excuse for his default, it is unnecessary to determine whether he established a potentially meritorious defense (see JP Morgan Chase Bank, N.A. v Russo, 121 AD3d at 1049).
Accordingly, the Supreme Court should have denied Echevarria's motion to vacate the judgment of foreclosure and sale and to compel the plaintiff to accept his late answer.
HINDS-RADIX, J.P., CONNOLLY, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court