Wells Fargo Bank, N.A. v Eliacin (2022 NY Slip Op 04042)

Wells Fargo Bank, N.A. v Eliacin

2022 NY Slip Op 04042

Decided on June 22, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2017-12976
 (Index No. 16408/09)

[*1]Wells Fargo Bank, N.A., respondent, 
v
Josue Eliacin, et al., appellants, et al., defendants.

The Law Office of Alexander Paykin, P.C., New York, NY (Eliyahu Kaploun of counsel), for appellants.
Goodwin Proctor LLP, New York, NY (Allison J. Schoenthal and Leah Edmunds of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Josue Eliacin and Marie Cantave appeal from an order of the Supreme Court, Kings County (Donald Scott Kurtz, J.), dated September 5, 2017. The order, insofar as appealed from, denied those defendants' motion pursuant to CPLR 5015(a)(1) and (4) to vacate an order and judgment of foreclosure and sale (one paper) of the same court dated April 12, 2016, and thereupon pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, or in the alternative, for leave to serve a late answer.
ORDERED that the order dated September 5, 2017, is affirmed insofar as appealed from, with costs.
The plaintiff alleged in the complaint that in May 2006, the defendants Josue Eliacin and Marie Cantave (hereinafter together the defendants) executed a note in the amount of $674,650, which was secured by a mortgage on the subject property. The plaintiff further alleged that the defendants failed to make the payment due in January 2009 or any subsequent payments.
In July 2009, the plaintiff commenced this foreclosure action against, among others, the defendants. In June 2014, the defendants served their answer. The plaintiff rejected the answer as untimely. Thereafter, the Supreme Court entered an order of reference dated July 16, 2015. In or around December 2015, the defendants served a second answer. The plaintiff rejected this answer as untimely. The court issued an order and judgment of foreclosure and sale dated April 12, 2016. Subsequently, in or around August 2016, the defendants moved pursuant to CPLR 5015(a)(1) and (4) to vacate the order and judgment of foreclosure and sale, and thereupon pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction and lack of standing, or in the alternative, for leave to serve a late answer. The court, among other things, denied the defendants' motion. The defendants appeal.
"When a defendant seeking to vacate a default judgment raises a jurisdictional objection pursuant to CPLR 5015(a)(4) and also seeks a discretionary vacatur pursuant to CPLR 5015(a)(1), a court is required to resolve the jurisdictional question before determining whether it is appropriate to grant a discretionary vacatur of the default under CPLR 5015(a)(1)" (Wells Fargo [*2]Bank, NA v Besemer, 131 AD3d 1047, 1047; see TBR Fin., LLC v Eagle Tours, LLC, 172 AD3d 1269, 1269; 92-18 149th St. Realty Corp. v Stolzberg, 152 AD3d 560, 562; HSBC Bank USA, N.A. v Dalessio, 137 AD3d 860, 862-863). Here, the defendants contend that they were not properly served with the summons and complaint. However, the defendants waived any objection based on lack of personal jurisdiction by failing to move to dismiss the complaint on this ground at the time their counsel filed a notice of appearance in the action or to serve an answer which raised this jurisdictional objection (see Mid-Island Mtge. Corp. v Johnson, 175 AD3d 490, 491-492).
A defendant seeking to vacate a default in answering or appearing must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action (see Wilmington Sav. Fund Socy., FSB v Rodriguez, 197 AD3d 784, 785-786; LaSalle Bank N.A. v Calle, 153 AD3d 801, 802). Law office failure may be accepted as a reasonable excuse in the exercise of the court's sound discretion (see Bank of N.Y. Mellon Trust Co., N.A. v Talukder, 176 AD3d 772, 774), and a defendant may establish "a reasonable excuse for his [or her] default based upon his [or her] attorney's failure to respond to the summons and complaint" (JP Morgan Chase Bank, N.A. v Russo, 121 AD3d 1048, 1049; see Wilmington Sav. Fund Socy., FSB v Rodriguez, 197 AD3d at 786). "Nevertheless, [w]hile CPLR 2005 allows courts to excuse a default due to law office failure, it was not the Legislature's intent to routinely excuse such defaults, and mere neglect will not be accepted as a reasonable excuse" (Maruf v E.B. Mgt. Props., LLC, 181 AD3d 670, 671-672 [internal quotation marks omitted]; see Wilmington Sav. Fund Socy., FSB v Rodriguez, 197 AD3d at 786). "[A] conclusory, undetailed, and uncorroborated claim of law office failure does not amount to a reasonable excuse" (Bank of N.Y. Mellon Trust Co., N.A. v Talukder, 176 AD3d at 774 [internal quotation marks omitted]; see Wilmington Sav. Fund Socy., FSB v Rodriguez, 197 AD3d at 786).
Here, in support of their motion, the defendants submitted affidavits in which they asserted that their default was caused, in part, by the negligence of their prior attorney, who, without their knowledge, failed to timely serve an answer or oppose the foreclosure action. The "conclusory and unsubstantiated" allegations in their affidavits were insufficient to amount to a reasonable excuse (Wilmington Sav. Fund Socy., FSB v Rodriguez, 197 AD3d at 786 [internal quotation marks omitted]; see Wright v Brooklyn Renaissance Funding Co., LLC, 174 AD3d 676, 676-677).
The defendants further assert that they had a reasonable excuse for their default because they participated in mandatory settlement conferences and submitted documentation in an attempt to secure a loan modification (cf. Armstrong Trading, Ltd. v MBM Enters., 29 AD3d 835, 836). However, without more, the defendants' claims do not constitute a reasonable excuse for their failure to answer or move within the applicable period (see Cumanet, LLC v Murad, 188 AD3d 1149, 1153).
Since the defendants failed to demonstrate a reasonable excuse for the default, it is unnecessary to determine whether they established a potentially meritorious defense (see Wilmington Sav. Fund Socy., FSB v Rodriguez, 197 AD3d at 786-787; JP Morgan Chase Bank, N.A. v Russo, 121 AD3d at 1049). Relatedly, since the order and judgment of foreclosure and sale was entered upon the defendants' default and the defendants have failed to establish any grounds for relief from that judgment, the Supreme Court properly denied that branch of their motion which was to dismiss the complaint insofar as asserted against them (see HSBC Bank USA, N.A. v Perry, 178 AD3d 685, 686; Holubar v Holubar, 89 AD3d 802, 802).
CHAMBERS, J.P., ROMAN, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court