Wells Fargo Bank, NA v Albingorta (2022 NY Slip Op 04756)

Wells Fargo Bank, NA v Albingorta

2022 NY Slip Op 04756

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS, JJ.

2019-12557
 (Index No. 28626/09)

[*1]Wells Fargo Bank, NA, respondent,
v
Hugo S. Albingorta, appellant, et al., defendants.

The Ranalli Law Group, PLLC, Hauppauge, NY (Ernest E. Ranalli of counsel), for appellant.
Reed Smith LLP, New York, NY (James N. Faller and Andrew B. Messite of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Hugo S. Albingorta appeals from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), entered October 1, 2019. The order, insofar as appealed from, denied that branch of that defendant's motion which was pursuant to CPLR 5015(a) to vacate an order and judgment of foreclosure and sale (one paper) of the same court entered June 24, 2014.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On March 17, 2005, the defendant Hugo S. Albingorta (hereinafter the defendant) executed a note in the amount of $166,000 in favor of the plaintiff. The note was secured by a mortgage on certain real property located in Suffolk County.
On or about July 20, 2009, the plaintiff commenced this action to foreclose the mortgage against the defendant, among others. The defendant failed to answer the complaint or make a pre-answer motion to dismiss. By notice of motion dated December 29, 2009, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. The Supreme Court granted the unopposed motion in an order dated April 19, 2010. On January 31, 2014, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale (one paper) entered June 24, 2014, the court granted the plaintiff's unopposed motion, confirmed the referee's report, and directed the sale of the subject premises.
By notice of motion dated November 30, 2014, the defendant moved, inter alia, pursuant to CPLR 5015(a) to vacate the order and judgment of foreclosure and sale. He argued that he had meritorious defenses to the action in that the plaintiff failed to comply with Banking Law § 6-l and RPAPL 1303.
In an order entered October 1, 2019, the Supreme Court, inter alia, denied that branch of the defendant's motion which was pursuant to CPLR 5015(a) to vacate the order and judgment [*2]of foreclosure and sale. The defendant appeals.
The Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was pursuant to CPLR 5015(a)(1) to vacate the order and judgment of foreclosure and sale. A party seeking to vacate his or her default in answering the complaint pursuant to CPLR 5015(a)(1) must demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the action (see Deutsche Bank Natl. Trust Co. v Hossain, 187 AD3d 986, 987). "A motion to vacate a default is addressed to the sound discretion of the court" (Vujanic v Petrovic, 103 AD3d 791, 792). Here, the defendant failed to allege that he had a reasonable excuse for failing to answer the complaint. Thus, the court properly denied that branch of the defendant's motion, regardless of whether the defendant had a potentially meritorious defense to the action (see Dae Hyun Chung v Google, Inc., 153 AD3d 494, 495).
The Supreme Court also properly denied that branch of the defendant's motion which was pursuant to CPLR 5015(a)(2) to vacate the order and judgment of foreclosure and sale. In order to succeed on a motion pursuant to CPLR 5015(a)(2) to vacate an order or judgment on the ground of newly discovered evidence, the movant must establish, inter alia, that the evidence could not have been discovered earlier through the exercise of due diligence (see US Bank N.A. v Eisler, 188 AD3d 1288, 1290; Wall St. Mtge. Bankers, Ltd. v Rodgers, 148 AD3d 1088, 1089). Here, the defendant failed to articulate what evidence could not have been discovered prior to the entry of the order and judgment of foreclosure and sale.
Lastly, the Supreme Court also properly denied that branch of the defendant's motion which was pursuant to CPLR 5015(a)(3) to vacate the order and judgment of foreclosure and sale. The defendant's contention that the plaintiff fraudulently obtained the order and judgment of foreclosure and sale by making false allegations in the complaint about its compliance with Banking Law § 6-l amounts to an allegation of intrinsic fraud (see CitiMortgage, Inc. v Nunez, 198 AD3d 865, 866). "A defendant seeking to vacate a default pursuant to CPLR 5015(a)(3) based on intrinsic fraud must establish a reasonable excuse for the default and a potentially meritorious defense to the action" (OneWest Bank, FSB v Galloway, 148 AD3d 818, 819). Here, since the defendant presented no excuse for his default, the court properly denied that branch of his motion which was pursuant to CPLR 5015(a)(3) to vacate the order and judgment of foreclosure and sale, regardless of whether he presented any potentially meritorious defenses to the action.
We therefore affirm the order insofar as appealed from.
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court