U.S. Bank Trust, N.A. v McCobb (2023 NY Slip Op 06275)

U.S. Bank Trust, N.A. v McCobb

2023 NY Slip Op 06275

Decided on December 6, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2021-06260
 (Index No. 68048/14)

[*1]U.S. Bank Trust, N.A., etc., respondent, 
v
Sharon McCobb, appellant, et al., defendants.

Christopher Thompson, West Islip, NY, for appellant.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Sharon McCobb appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated July 26, 2021. The order, in effect, denied those branches of that defendant's motion which were for leave to renew that defendant's opposition to that branch of the plaintiff's prior motion which was for a judgment of foreclosure and sale, which had been granted in an order of the same court dated June 16, 2017, pursuant to CPLR 5015(a)(2) and (3) to vacate (1) an order of the same court dated May 2, 2016, (2) an order of reference entered May 11, 2016, (3) an order of the same court dated June 16, 2017, (4) an order of the same court dated January 3, 2018, and (5) a judgment of foreclosure and sale dated June 1, 2018, and thereupon, in effect, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her.
ORDERED that the order dated July 26, 2021, is affirmed, with costs.
The instant mortgage foreclosure action was commenced in October 2014, and the defendant Sharon McCobb (hereinafter the defendant) failed to appear or answer the complaint. In an order dated May 2, 2016 (hereinafter the 2016 order), the Supreme Court, inter alia, denied the defendant's motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her and granted those branches of the plaintiff's unopposed cross-motion which were for leave to enter a default judgment against the defendant and for an order of reference. On May 11, 2016, the court entered an order of reference. In an order dated June 16, 2017 (hereinafter the 2017 order), the court granted the plaintiff's motion, among other things, for a judgment of foreclosure and sale and denied the defendant's cross-motion, in effect, for leave to renew her prior motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her, pursuant to CPLR 5015(a) to vacate her default in appearing or answering the complaint and the order of reference, and, in effect, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her. In an order dated January 3, 2018 (hereinafter the 2018 order), the court denied the defendant's motion pursuant to CPLR 5015(a)(3) to vacate the judgment of foreclosure and sale on the ground that the defendant failed to demonstrate a reasonable excuse for her default or a meritorious defense. The defendant appealed the 2018 order, which was affirmed by a decision and order of this Court dated October 21, 2020 (see Christiana Trust v McCobb, 187 AD3d 981).
In December 2020, the defendant moved, inter alia, for leave to renew her opposition to that branch of the plaintiff's prior motion which was for a judgment of foreclosure and sale, pursuant to CPLR 5015(a)(2) and (3) to vacate the 2016 order, the 2017 order, the 2018 order, the order of reference, and the judgment of foreclosure and sale, and, thereupon, in effect, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her. In an order dated July 26, 2021, the Supreme Court denied those branches of the defendant's motion. The defendant appeals.
In order to succeed on a motion pursuant to CPLR 5015(a)(2) to vacate an order or judgment on the ground of newly discovered evidence, the movant must establish, among other things, that the evidence could not have been discovered earlier through the exercise of due diligence (see Wells Fargo Bank, NA v Albingorta, 207 AD3d 781, 782). Here, the defendant failed to submit any evidence that she could not have discovered earlier (see HSBC Bank USA v Lozovskiy, 206 AD3d 701, 702).
The defendant's contention that the plaintiff used a third party to mail the RPAPL 1304 notice to the defendant without informing the Supreme Court as such, amounts to an allegation of intrinsic fraud (see Bank of Am., N.A. v Anderson, 216 AD3d 890). A defendant seeking to vacate a default pursuant to CPLR 5015(a)(3) based on intrinsic fraud must establish a reasonable excuse for the default and a potentially meritorious defense to the action (see Bank of Am., N.A. v Anderson, 216 AD3d at 892). Law office failure may be accepted as a reasonable excuse in the exercise of the court's sound discretion and a defendant may establish a reasonable excuse for his or her default based upon his or her attorney's failure to respond to the summons and complaint (see Wells Fargo Bank, N.A. v Eliacin, 206 AD3d 950, 951). "Nevertheless, [w]hile CPLR 2005 allows courts to excuse a default due to law office failure, it was not the Legislature's intent to routinely excuse such defaults, and mere neglect will not be accepted as a reasonable excuse" (id. at 952 [internal quotation marks omitted]). "[A] conclusory, undetailed, and uncorroborated claim of law office failure does not amount to a reasonable excuse" (id. [internal quotation marks omitted]). Here, the defendant's affidavit describing her former attorney's neglect in answering the complaint and opposing the plaintiff's cross-motion, inter alia, for leave to enter a default judgment against the defendant and for an order of reference was conclusory and unsubstantiated and failed to constitute a reasonable excuse for default based on law office failure (see id.).
Since the defendant failed to establish a reasonable excuse for the default, it is unnecessary to consider whether the defendant presented a potentially meritorious defense to the action (see Chase Bank USA, N.A. v Laroche, 208 AD3d 845, 847).
Since the order of reference and the judgment of foreclosure and sale were entered upon the defendant's default, and the defendant has failed to establish any grounds for relief from the default judgment, the Supreme Court properly, in effect, denied that branch of the defendant's motion, which was, in effect, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her (see Wells Fargo Bank, N.A. v Eliacin, 206 AD3d at 952).
As to that branch of the defendant's motion which was for leave to renew, the defendant failed to demonstrate that there had been a change in the law that would have altered the prior determination (see CPLR 2221[e][2]; Citimortgage, Inc. v Warsi, 212 AD3d 592, 594; Bank of N.Y. Mellon v Gordon, 171 AD3d 197).
The defendant's remaining contention is not properly before this Court.
CONNOLLY, J.P., CHAMBERS, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court