Carrington v Northwell Health (2025 NY Slip Op 00079)

Carrington v Northwell Health

2025 NY Slip Op 00079

Decided on January 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2022-04615
 (Index No. 726591/21)

[*1]Robin Scott Carrington, appellant,
v
Northwell Health, et al., respondents.

Robin Scott Carrington, Deer Park, NY, appellant pro se.
Littler Mendelson, P.C., Melville, NY (Daniel Gomez-Sanchez of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination and breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered May 4, 2022. The order, insofar as appealed from, denied the plaintiff's motion for leave to enter a default judgment against the defendants and granted those branches of the defendants' motion which were for an extension of time for the defendant Northwell Health to file an answer and pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the defendant Michael Kylie.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In May 2021, the plaintiff commenced this action against the defendants, Northwell Health (hereinafter Northwell) and Michael Kylie, a former Northwell employee who had left Northwell's employment one month earlier. The complaint sought to recover damages, inter alia, for employment discrimination and breach of contract. According to the single affidavit of service produced by the plaintiff, he served the summons and complaint in July 2021 on Northwell at Northwell's place of business. The defendants failed to answer the complaint or appear in the action.
On November 11, 2021, the plaintiff served a notice of motion for leave to enter a default judgment against the defendants. The defendants opposed the plaintiff's motion and, by notice of motion dated November 30, 2021, moved for an extension of time to answer the complaint and pursuant to CPLR 3211(a) to dismiss the complaint. In an order entered May 4, 2022, the Supreme Court, inter alia, denied the plaintiff's motion and granted those branches of the defendants' motion which were to dismiss the complaint insofar as asserted against Kylie and for an extension of Northwell's time to answer. The plaintiff appeals.
The Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against Kylie for lack of personal jurisdiction, as the plaintiff failed to submit an affidavit of service demonstrating that he properly served Kylie with the summons and complaint (see Deb v Hayut, 171 AD3d 862, 863; see also Silvering v Sunrise Family Med., P.C., 161 AD3d 1021, 1022).
"To extend the time to answer a complaint and to compel the plaintiff to accept late service of an answer pursuant to CPLR 3012(d), a defendant must provide a reasonable excuse for the default and demonstrate a potentially meritorious defense to the action" (HSBC Bank USA v Pantel, 208 AD3d 643, 644). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the trial court, and in exercising that discretion, the court may accept law office failure as an excuse" (Pare v Pare, 222 AD3d 765, 767; see CPLR 2005). "Whether there is a reasonable excuse for a default is a discretionary, sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (McCarey v Offshore Trophy Room, Inc., 223 AD3d 893, 893 [internal quotation marks omitted]; see Natanel v Plaza Ins. Co., 200 AD3d 890, 891).
Here, Northwell submitted an affidavit from a legal assistant in its Office of Legal Affairs who had received the copy of the summons and complaint that was served upon Northwell. The assistant explained that while, ordinarily, upon receiving pleadings, she would electronically log the documents and email them to a paralegal, who would, in turn, transmit the documents to a Northwell attorney, on this occasion, due to an oversight, she failed to electronically log the documents and email them to the paralegal. Thus, the assistant explained, the paralegal and attorneys were unaware that pleadings had been served upon Northwell for this action. An affirmation from the assistant vice president of Northwell's Office of Legal Affairs confirmed that it was not until the plaintiff served the notice of motion for leave to enter a default judgment that he learned of this action and, after an investigation, located the copy of the summons and complaint that had been served upon Northwell. Northwell's outside counsel was immediately contacted and promptly sought an extension of time to answer.
Thus, Northwell demonstrated that the default was caused by an isolated and unintentional error on the part of a legal assistant in failing to log and transmit the summons and complaint to a paralegal for assignment to an attorney. Under the circumstances, and especially considering that Northwell moved expeditiously to cure the default, the lack of willfulness on the part of Northwell, the absence of prejudice to the plaintiff, and the strong public policy in favor of deciding cases on the merits, we cannot say that the Supreme Court improvidently excised its discretion in accepting Northwell's proffered excuse for the default (see Melendez v John P. Picone, Inc., 215 AD3d 665, 666 [reasonable excuse presented where the plaintiff's attorney explained that an email notifying his firm of the return date of the defendants' motion had been deleted before the date was entered into the firm's office calendaring system]; Nationstar Mtge., LLC v Mandel, 208 AD3d 668, 669 [default excusable where attorney explained that he missed an email from former counsel asking him to cover a conference]; Jacobson v Val, 206 AD3d 803, 804 [reasonable excuse presented where the defendant's attorney explained that he did not timely serve an answer because he failed to make an entry in his office calendaring system]; see also McCarey v Offshore Trophy Room, Inc., 223 AD3d 893; Pare v Pare, 222 AD3d at 768). Furthermore, Northwell demonstrated that it had a potentially meritorious defense to this action.
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for an extension of Northwell's time to file an answer and properly denied the plaintiff's motion for leave to enter a default judgment.
The defendants' remaining contention is without merit.
IANNACCI, J.P., GENOVESI and TAYLOR, JJ., concur.
DOWLING, J., concurs in part and dissents in part, and votes to modify the order, on the law and in the exercise of discretion, (1) by deleting the provision thereof denying that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendant Northwell Health, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof granting that branch of the defendants' motion which was to extend the time for the defendant Northwell Health to answer the complaint, and substituting therefore a provision denying that branch of the motion, and, as so modified, to affirm the order insofar as [*2]appealed from, with the following memorandum:
In May 2021, the plaintiff commenced this action against the defendants, Northwell Health (hereinafter Northwell) and Michael Kylie, inter alia, to recover damages for employment discrimination. In July 2021, Northwell was served with the summons and complaint at 2000 Marcus Avenue, Northwell's place of business. After Northwell's time to answer expired, on November 11, 2021, the plaintiff served the defendants with a motion for leave to enter a default judgment.
By notice of motion dated November 30, 2021, the defendants moved, among other things, to extend Northwell's time to answer the complaint and pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against Kylie, inter alia, for lack of personal jurisdiction. The defendants attributed Northwell's default to the failure of a legal assistant in its Office of Legal Affairs to email the summons and complaint to a paralegal when they were served on Northwell on July 22, 2021, and supported this allegation with an affidavit from the legal assistant as well as an affirmation of an attorney employed as an assistant vice president in Northwell's Office of Legal Affairs. The legal assistant stated that Northwell had a procedure for receipt of a summons whereby the legal assistant "'on call'" to receive summonses on a particular day would sign for the receipt of the summons, "log[ ] it electronically," scan the summons "to the Legal Affairs email inbox," and send a copy of the summons "by email to the Paralegal overseeing labor and employment matters." The paralegal would then transmit the summons "to a Northwell attorney." The legal assistant further stated that Northwell was served with the summons and complaint in this action at its Office of Legal Affairs on July 22, 2021, and that she received the summons and complaint "but failed to electronically log the documents and send them to the Paralegal overseeing labor and employment matters." The summons and complaint "remained in the Legal Affairs in-box." The affirmation of the assistant vice president similarly recited Northwell's procedures for receipt of summonses, that the summons and complaint were served on Northwell at its Office of Legal Affairs on July 22, 2021, and that the summons and complaint were not electronically logged or sent to the paralegal and "remained in the Legal Affairs in-box." The assistant vice president further stated the summons and complaint were located on November 12, 2021, following an internal investigation initiated after Northwell was served with the plaintiff's motion for leave to enter a default judgment on November 11, 2021. In an order entered May 4, 2022, the Supreme Court, among other things, granted those branches of the defendants' motion.
I agree with the majority that the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against Kylie for lack of personal jurisdiction. "The burden of proving that personal jurisdiction was acquired over a defendant rests with the plaintiff" (Deb v Hayut, 171 AD3d 862, 863). Here, there is no affidavit of service or other proof in the record to establish that the plaintiff effected proper service on Kylie. In the absence of proof of proper service, the court properly directed dismissal of the complaint insofar as asserted against Kylie (see CPLR 306-b; Deb v Hayut, 171 AD3d at 863; Pearson v 1296 Pac. St. Assoc., Inc., 67 AD3d 659, 660).
However, in my view, the Supreme Court improvidently exercised its discretion in granting that branch of the defendants' motion which was to extend Northwell's time to answer the complaint. "To extend the time to answer a complaint and to compel the plaintiff to accept late service of an answer pursuant to CPLR 3012(d), a defendant must provide a reasonable excuse for the default and demonstrate a potentially meritorious defense to the action" (HSBC Bank USA v Pantel, 208 AD3d 643, 644). "The determination of what constitutes a reasonable excuse [for a default] lies within the sound discretion of the trial court, and in exercising that discretion, the court may accept law office failure as an excuse" (Pare v Pare, 222 AD3d 765, 767; see CPLR 2005; HSBC Bank USA v Pantel, 208 AD3d at 644; Wells Fargo Bank, N.A. v Eliacin, 206 AD3d 950, 952). Nevertheless, "'[w]hile law office failure can be accepted as a reasonable excuse in the exercise of a court's sound discretion, the movant must submit supporting facts to explain and justify the default, and mere neglect is not accepted as a reasonable excuse'" (Matter of Maya Assur. Co. v Long Sheng Zheng, 207 AD3d 632, 633, quoting Ogunmoyin v 1515 Broadway Fee Owner, LLC, [*3]85 AD3d 991, 992; see Wells Fargo Bank, N.A. v Eliacin, 206 AD3d at 952; CEO Bus. Brokers, Inc. v Alqabili, 105 AD3d 989, 990). "'[A] conclusory, undetailed, and uncorroborated claim of law office failure does not amount to a reasonable excuse'" (U.S. Bank Trust, N.A. v McCobb, 222 AD3d 696, 698, quoting Wells Fargo Bank, N.A. v Eliacin, 206 AD3d at 952; see Seaman v New York Univ., 175 AD3d 1578, 1579; Kondrotas-Williams v Westbridge Enters., Inc., 170 AD3d 983, 985).
The scenario presented here is not akin to the type of law office failure which this Court has found sufficient to constitute a reasonable excuse, such as a single missed email notifying counsel of a conference date or return date of a motion (see Nationstar Mtge., LLC v Mandel, 208 AD3d 668, 669; see also Melendez v John P. Picone, Inc., 215 AD3d 665, 666), a mistake in making a calendar entry (see Jacobson v Val, 206 AD3d 803, 804; Bank of N.Y. Mellon v Faragalla, 174 AD3d 677, 678), or a mistaken belief that motion papers emailed to a court were received by the intended Justice (see Logan v 250 Pac., LLC, 210 AD3d 1064, 1066). Quite the contrary, I find that Northwell's excuse for its failure to timely answer the complaint amounts to precisely the type of conclusory and uncorroborated claim of mere neglect insufficient to establish a reasonable excuse. Although the legal assistant's affidavit and the assistant vice president's affirmation both recited Northwell's procedures for emailing copies of summonses received at the Office of Legal Affairs to a paralegal, a description of Northwell's procedures for receipt of summonses does not constitute facts explaining or justifying the reason for its default. The legal assistant explained, at most, that she received the summons and complaint when it was served on Northwell on July 22, 2021, and did nothing with it. No explanation is given for her failure to email the summons and complaint to a paralegal or otherwise follow Northwell's procedures, and no information is provided by either the legal assistant or the assistant vice president as to what became of the physical summons and complaint with which Northwell was served. In addition, to the extent that the legal assistant's affidavit and the assistant vice president's affirmation both implied that the legal assistant scanned the summons and complaint received on July 22, 2021, to the "Legal Affairs email inbox," no information was provided as to how or by whom this inbox was monitored. Considering the paucity of information as to why the summons and complaint were not emailed to a paralegal, why the summons and complaint sat in Northwell's Office of Legal Affairs inbox for months without review, and what became of the physical summons and complaint after they were received by Northwell, in my view, the Supreme Court improvidently exercised its discretion in accepting Northwell's excuse of law office failure (see Byung Ha Lee v Mascarenas, 219 AD3d 928, 928; HSBC Bank USA, N.A. v Hutchinson, 215 AD3d 645, 646-647; Maldonado v Mosquera, 186 AD3d 1352; Chowdhury v Weldon, 185 AD3d 649, 650; OneWest Bank, FSB v Singer, 153 AD3d 714, 716; Clarke v Liberty Mut. Fire Ins. Co., 150 AD3d 1192; Campbell-Jarvis v Alves, 68 AD3d 701, 702).
ENTER:
Darrell M. Joseph
Clerk of the Court