U.S. Bank N.A. v Leontakianakos (2025 NY Slip Op 00895)

U.S. Bank N.A. v Leontakianakos

2025 NY Slip Op 00895

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2022-05629
 (Index No. 613223/16)

[*1]U.S. Bank National Association, etc., respondent,
v
Agisilaos Leontakianakos, also known as Agisilaos J. Leontakianakos, also known as Agis J. Leontakianakos, also known as Agis John Leontakianakos, et al., appellants, et al., defendants.

Binakis Law, P.C., Astoria, NY (Paraskevas Binakis and Patrick Binakis of counsel), for appellants.
LOGS Legal Group LLP (Reed Smith LLP, New York, NY [Michael V. Margarella and Andrew B. Messite of counsel]), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Agisilaos Leontakianakos, also known as Agisilaos J. Leontakianakos, also known as Agis J. Leontakianakos, also known as Agis John Leontakianakos, and Angelica Leontakianakos appeal from an order of the Supreme Court, Suffolk County (Paul M. Hensley, J.), dated July 5, 2022. The order, insofar as appealed from, denied those branches of the motion of those defendants which were for leave to reargue the opposition of the defendant Agisilaos Leontakianakos, also known as Agisilaos J. Leontakianakos, also known as Agis J. Leontakianakos, also known as Agis John Leontakianakos, to that branch of the plaintiff's prior motion which was for an order of reference, which was granted in a prior order of the same court (Arthur G. Pitts, J.) dated September 6, 2017, pursuant to CPLR 5015(a)(3) to vacate a judgment of foreclosure and sale of the same court (Arthur G. Pitts, J.) entered October 26, 2017, upon their failure to appear or answer the complaint, and to dismiss the complaint insofar as asserted against them.
ORDERED that the appeal from so much of the order dated July 5, 2022, as denied that branch of the motion of the defendants Agisilaos Leontakianakos, also known as Agisilaos J. Leontakianakos, also known as Agis J. Leontakianakos, also known as Agis John Leontakianakos, and Angelica Leontakianakos which was for leave to reargue the opposition of the defendant Agisilaos Leontakianakos, also known as Agisilaos J. Leontakianakos, also known as Agis J. Leontakianakos, also known as Agis John Leontakianakos, to that branch of the plaintiff's prior motion which was for an order of reference is dismissed, as no appeal lies from an order denying reargument (see Goshen Mtge., LLC v Rokowetz, 221 AD3d 588, 588); and it is further,
ORDERED that the order dated July 5, 2022, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In August 2016, the plaintiff commenced this action against Agisilaos [*2]Leontakianakos, also known as Agisilaos J. Leontakianakos, also known as Agis J. Leontakianakos, also known as Agis John Leontakianakos (hereinafter Agisilaos), and Angelica Leontakianakos (hereinafter together the defendants), among others, to foreclose a mortgage on certain residential property in Dix Hills. The defendants failed to appear or answer the complaint.
In April 2017, the plaintiff moved, inter alia, for an order of reference upon the defendants' default. Agisilaos opposed the motion. In an order dated September 6, 2017, the Supreme Court granted the plaintiff's motion. Thereafter, the plaintiff moved for a judgment of foreclosure and sale. On October 26, 2017, the court entered a judgment of foreclosure and sale.
In November 2019, the defendants moved, inter alia, pursuant to CPLR 5015(a)(3) to vacate the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against them. The plaintiff opposed the motion. In an order dated July 5, 2022, the Supreme Court, among other things, denied those branches of the defendants' motion. The defendants appeal.
The defendants failed to demonstrate their entitlement to relief pursuant to CPLR 5015(a)(3), as they failed to establish that the plaintiff engaged in any fraud, misrepresentation, or other misconduct warranting vacatur of the judgment of foreclosure and sale (see Matter of Apostolidis, 219 AD3d 1331, 1333; IMC Mtge. Co. v Vetere, 142 AD3d 954, 955). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 5015(a)(3) to vacate the judgment of foreclosure and sale.
Moreover, since the order of reference and the judgment of foreclosure and sale were entered upon the defendants' default, and the defendants failed to establish any grounds for relief from the default judgment, the Supreme Court properly denied that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against them (see U.S. Bank Trust, N.A. v McCobb, 222 AD3d 696, 698; Wells Fargo Bank, N.A. v Eliacin, 206 AD3d 950, 952).
BARROS, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court