Wells Fargo Bank, N.A. v Eliacin (2025 NY Slip Op 02621)

Wells Fargo Bank, N.A. v Eliacin

2025 NY Slip Op 02621

Decided on April 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
DONNA-MARIE E. GOLIA, JJ.

2023-01858
 (Index No. 16408/09)

[*1]Wells Fargo Bank, N.A., respondent, 
v
Josue Eliacin, et al., appellants, et al., defendants.

The Law Office of Alexander Paykin, P.C., New York, NY, for appellants.
Reed Smith LLP, New York, NY (Andrew B. Messite and Michael V. Margarella of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Josue Eliacin and Marie Cantave appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated December 20, 2022. The order denied those defendants' motion for leave to renew their prior motion, inter alia, to vacate an order and judgment of foreclosure and sale (one paper) of the same court (Donald Scott Kurtz, J.) dated April 12, 2016, entered upon their failure to answer the complaint, and thereupon pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, or in the alternative, for leave to serve a late answer.
ORDERED that the order is affirmed, with costs.
In July 2009, the plaintiff commenced this action against the defendants Josue Eliacin and Marie Cantave (hereinafter together the defendants), among others, to foreclose a mortgage on certain real property located in Brooklyn. The defendants failed to timely appear or answer the complaint. In an order dated July 16, 2015, the Supreme Court granted the plaintiff's unopposed motion, inter alia, for leave to enter a default judgment and for an order of reference, and appointed a referee to compute the amount due to the plaintiff.
Thereafter, the Supreme Court granted the plaintiff's unopposed motion, inter alia, for a judgment of foreclosure and sale and issued an order and judgment of foreclosure and sale dated April 12, 2016.
In August 2016, the defendants moved, inter alia, to vacate the order and judgment of foreclosure and sale, entered upon their failure to answer the complaint, and thereupon pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, or in the alternative, for leave to serve a late answer. In an order dated September 5, 2017, the Supreme Court, among other things, denied the motion, determining that the defendants failed to establish a reasonable excuse for their default or a meritorious defense. The defendants appealed from the order. In a decision and order dated June 22, 2022, this Court affirmed the order dated September 5, 2017, insofar as appealed from, concluding, inter alia, that the defendants failed to demonstrate a reasonable excuse for their default (see Wells Fargo Bank, N.A. v Eliacin, 206 AD3d 950).
In July 2022, the defendants moved for leave to renew their prior motion, inter alia, to vacate the order and judgment of foreclosure and sale, based on alleged changes in the law related to RPAPL 1304 and when standing may be raised as a defense. The plaintiff opposed the motion. In an order dated December 20, 2022, the Supreme Court denied the motion. The defendants appeal.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination" (CPLR 2221[e][2]; see Deutsche Bank Natl. Trust Co. v Cincu, 228 AD3d 825, 826-827; McLaughlin v Snowlift, Inc., 214 AD3d 720, 721). "'[A]fter entry of a final judgment, a motion for leave to renew pursuant to CPLR 2221(e)(2) based upon a change in the law that would change the prior determination must be made, absent circumstances set forth in CPLR 5015, before the time to appeal the final judgment has expired'" (U.S. Bank N.A. v Tong, 230 AD3d 716, 717 [internal quotation marks omitted], quoting Matter of Eagle Ins. Co. v Persaud, 1 AD3d 356, 357; see Opalinski v City of New York, 205 AD3d 917, 919; Dinallo v DAL Elec., 60 AD3d 620).
A party seeking to vacate their default in answering a complaint under CPLR 5015(a)(1) must demonstrate both a reasonable excuse for the default and the existence of a potentially meritorious defense (see U.S. Bank N.A. v Smith, 210 AD3d 725, 728; U.S. Bank N.A. v Rauff, 205 AD3d 963, 965). Here, the Supreme Court determined that the defendants failed to demonstrate a reasonable excuse for their default in answering the complaint, and this Court affirmed that determination, thus constituting the law of the case (see Wells Fargo Bank, N.A. v Archibald, 211 AD3d 1081, 1082; Wells Fargo v Eliacin, 206 AD3d 950). Moreover, the defendants have not made a sufficient showing to warrant reexamination of the issue (see Bank of N.Y. Mellon v Selig, 213 AD3d 894, 896; Northern Blvd Corona, LLC v Northern Blvd Prop., LLC, 181 AD3d 690, 691).
Since the defendants failed to establish a reasonable excuse for their default in answering the complaint, they were precluded from asserting defenses based on lack of standing or the plaintiff's failure to comply with RPAPL 1304 (see Deutsche Bank Natl. Trust Co. v O'Connor, 223 AD3d 872, 877; U.S. Bank N.A. v Goldberger, 211 AD3d 1077, 1078). In light of the foregoing, the defendants cannot establish a change in the law warranting renewal of their prior motion.
In view of our determination, the parties' remaining contentions need not be reached.
Accordingly, the Supreme Court properly denied the defendants' motion for leave to renew their prior motion, inter alia, to vacate the order and judgment of foreclosure and sale, entered upon their failure to answer the complaint.
MILLER, J.P., FORD, LOVE and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court