■ PAULINE M. LEBLANC, Appellant, v THEODORE M. BUD-MAN et al., Respondents. [795 NYS2d 756]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Brandveen, J.), entered August 9, 2004, which, upon an order of the same court dated February 19, 2003, denying the plaintiff's motion to restore the action to the trial calendar, and an order of the same court dated February 25, 2004, which, upon reargument, adhered to the original determination, dismissed the complaint.

Ordered that the judgment is reversed, on the law, the facts, and as a matter of discretion, with costs, the orders dated February 19, 2003, and February 25, 2004, are vacated, upon reargument, the plaintiff's motion to restore the action to the trial calendar is granted, and the complaint is reinstated.

The plaintiff's delay in moving to restore the action to the trial calendar was minimal and based upon a reasonable excuse. On or about September 5, 2001, the action was marked off the trial calendar at the plaintiff's request on the ground that the plaintiff was undergoing surgery for injuries allegedly incurred in the accident. On September 11, 2001, the plaintiffs' counsel's office which was located at 195 Broadway, New York, N.Y., was closed when the building suffered significant damage in the World Trade Center disaster. Thereafter, the law firm representing the plaintiff disbanded and the new law firm of Hankin, Handwerker & Mazel, PLLC, assumed representation of the plaintiff and relocated its offices.

Further, the plaintiff established that she had a meritorious cause of action. On December 21, 2000, the respective motions of the defendants Theodore M. Budman and Superior Materials, and the defendants Dani Tabor and Oser Laszko, for summary judgment dismissing the complaint insofar as asserted against

them were denied based in part on the plaintiff's deposition testimony that she came to a full stop to avoid a tractor trailer which had jackknifed in front of her, whereupon she was struck twice in the rear.

Since this was a motion to restore and not a summary judgment motion to dismiss for lack of serious injury, even though the defendants failed to make an evidentiary showing of a lack of serious injury, medical evidence of a serious injury was not required to demonstrate the meritorious nature of the plaintiff's cause of action (*see Levy v New York City Hous. Auth.*, 287 AD2d 281 [2001]; *see also Itskovich v Lichenstadter*, 2 AD3d 406, 407 [2003]).

The defendants' remaining contentions are without merit. H. Miller, J.P., S. Miller, Goldstein, Mastro and Lifson, JJ., concur.