Cox v New York State Thruway Auth. (2022 NY Slip Op 01139)





Cox v New York State Thruway Auth.


2022 NY Slip Op 01139


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2018-11774

[*1]Leopold Cox, et al., appellants, 
v
New York State Thruway Authority, et al., respondents. (Claim No. 127755)


Sim & Record, LLP, Bayside, NY (Sang J. Sim of counsel), for appellants.
Letitia James, Attorney General, New York, NY (Steven C. Wu and Eric R. Haren of counsel), for respondents.



DECISION & ORDER
In a claim to recover damages for personal injuries, the claimants appeal from an order of the Court of Claims (Thomas H. Scuccimarra, J.), dated June 6, 2018. The order denied the claimants' motion to vacate an order of the same court dated November 9, 2017, directing dismissal of the claim upon the claimants' failure to appear at a conference, and to restore their claim.
ORDERED that order dated June 6, 2018, is reversed, on the law and in the exercise of discretion, with costs, and the claimants' motion to vacate the order dated November 9, 2017, is granted.
On January 18, 2015, the claimants allegedly sustained personal injuries when a snowplow owned by the defendant New York State Thruway Authority struck their vehicle. Thereafter, the claimants commenced this claim to recover damages for personal injuries. In an order dated November 9, 2017, the Court of Claims granted the defendants' motion to dismiss the claim upon the claimants' default in failing to appear at a scheduled compliance conference.
The claimants moved to vacate the November 9, 2017 order and restore their claim. In an order dated June 6, 2018, the Court of Claims denied the motion. The court found that while the claimants provided a reasonable excuse for the default, they failed to establish that they had a meritorious claim. The claimants appeal.
To vacate their default in failing to appear at the conference, the claimants were required to demonstrate both a reasonable excuse for the default and a potentially meritorious claim (see CPLR 5015[a][1]; Brown v State of New York, 164 AD3d 736, 737; Krisztin v State of New York, 34 AD3d 753, 754). Initially, we note that the defendants do not contest the Court of Claims' determination that the claimants provided a reasonable excuse for their default.
Contrary to the determination of the Court of Claims, on their motion to vacate their default and to restore the claim, the claimants demonstrated that they had a potentially meritorious claim. In this regard, the verified claim together with Leopold Cox's affidavit alleging that the snowplow operator was excessively speeding in dangerous, icy conditions, was sufficient to show [*2]that the snowplow operator acted in conscious "disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow" (Deleon v New York City Sanitation Dept., 25 NY3d 1102, 1105 [internal quotation marks omitted]; see Vehicle and Traffic Law § 1103[b]). In addition, the medical reports submitted by the claimants were sufficient to show that each of the claimants sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Perl v Meher, 18 NY3d 208, 217-219; LeBlanc v Budman, 18 AD3d 718, 719).
Since the claimants demonstrated that they had a potentially meritorious claim, the Court of Claims improperly denied their motion to vacate their default on this ground.
DILLON, J.P., CONNOLLY, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court