Nationstar Mtge., LLC v Mandel (2022 NY Slip Op 04968)

Nationstar Mtge., LLC v Mandel

2022 NY Slip Op 04968

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.

2018-09539
2018-13764
 (Index No. 48302/09)

[*1]Nationstar Mortgage, LLC, respondent,
v
Diane Mandel, etc., appellant, et al., defendants.

Russ & Russ P.C., Massapequa, NY (Jay Edmond Russ of counsel), for appellant.
McCalla Raymer Leibert Pierce LLC, New York, NY (Margaret S. Stefandl of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Diane Mandel, as executor of the estate of Neal W. Mandel, deceased, appeals from (1) an order of the Supreme Court, Suffolk County (John H. Rouse, J.), entered March 28, 2018, and (2) an order of the same court dated September 5, 2018. The order entered March 28, 2018, granted the plaintiff's motion to vacate an order of the same court (James C. Hudson, J.) dated June 21, 2017, directing dismissal of the action upon the plaintiff's failure to appear at a status conference, and to restore the action to the calendar. The order dated September 5, 2018, insofar as appealed from, upon reargument, adhered to the prior determination in the order entered March 28, 2018.
ORDERED that the appeal from the order entered March 28, 2018, is dismissed, as that order was superseded by the order dated September 5, 2018, made upon reargument; and it is further,
ORDERED that the order dated September 5, 2018, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In this mortgage foreclosure action, the plaintiff's predecessor successfully moved, inter alia, for summary judgment on the complaint insofar as asserted against Neal W. Mandel, now deceased and substituted in this action with Diane Mandel as executor of his estate (hereinafter the defendant) (see Aurora Loans Servs., LLC v Mandel, 148 AD3d 965). The plaintiff thereafter failed to appear at a status conference, and in an order dated June 21, 2017, the Supreme Court directed dismissal of the action on that basis.
The plaintiff subsequently moved to vacate the June 21, 2017 order, and to restore the action to the calendar. The motion was granted in an order entered March 28, 2018, and, in an order dated September 5, 2018, made upon reargument, the Supreme Court adhered to the [*2]determination in the March 28, 2018 order. The defendant appeals.
To vacate its default in failing to appear at the conference, the plaintiff was required to demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action (see Cox v New York State Thruway Auth., 202 AD3d 1043, 1044; Hudson City Sav. Bank v Augustin, 191 AD3d 774). "The determination of what constitutes a reasonable excuse lies within the Supreme Court's discretion, and the court has discretion to accept law office failure as a reasonable excuse (see CPLR 2005) where that claim is supported by a detailed and credible explanation of the default at issue" (Ki Tae Kim v Bishop, 156 AD3d 776, 777; see Deutsche Bank Trust Co. Ams. v Hwa Joong Yoon, 204 AD3d 885).
Here, the plaintiff's then counsel, an attorney at RAS Boriskin LLP (hereinafter RAS Boriskin), submitted an affirmation which credibly explained that notice of the conference had been given to the plaintiff's former counsel, Sandelands Eyet, LLP (hereinafter Sandelands). An attorney at Sandelands sent an email to the attorney at RAS Boriskin, requesting that he cover the conference. However, the attorney at RAS Boriskin missed that email, and thus, the conference was never entered on RAS Boriskin's calendar. Contrary to the defendant's contention, there was no evidence of a pattern of neglect on the part of the plaintiff. Thus, given the isolated and unintentional nature of counsel's error and the strong public policy in favor of resolving cases on the merits, the Supreme Court providently exercised its discretion in accepting the plaintiff's excuse of law office failure (see Advanced Remodeling of Long Is., Inc. v Monahan, 175 AD3d 1361, 1362; Rocco v Family Foot Ctr., 94 AD3d 1077, 1079). The plaintiff also demonstrated, based upon the order granting its motion, among other things, for summary judgment on the complaint insofar as asserted against the defendant, that it has a potentially meritorious cause of action (see Wilner v Village of Roslyn, 163 AD3d 898, 900).
As noted by the defendant, a consent to change attorneys was not filed by RAS Boriskin before it filed the instant motion to vacate the default on behalf of the plaintiff. Nevertheless, prior to the motion, the defendant's counsel had been dealing with RAS Boriskin for some time, as if a proper substitution had been made, and the defendant failed to demonstrate any prejudice from the failure to properly file a consent to change attorneys (see CPLR 321[b]). Contrary to the defendant's contention, under these circumstances, the actions taken by RAS Boriskin prior to the filing of the consent to change attorneys are not nullified (see Harrington v Brunson, 129 AD3d 1581, 1581-1582; Bevilacqua v Bloomberg, L.P., 70 AD3d 411, 412; Juers v Barry, 114 AD2d 1009, 1010; Deacon's Bench v Hoffman, 88 AD2d 734, 735; cf. HSBC Bank USA, N.A. v Caesar, 200 AD3d 865).
DUFFY, J.P., IANNACCI, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court