Guilfoyl v Watts (2023 NY Slip Op 00307)

Guilfoyl v Watts

2023 NY Slip Op 00307

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2020-05564
 (Index No. 601519/19)

[*1]Jessica Guilfoyl, appellant, 
v
Daniel Watts, respondent.

Jonathan D'Agostino & Associates, P.C., Staten Island, NY (Glen Devora of counsel), for appellant.
Kevin P. Westerman, Garden City, NY (Michael J. Colleary of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated June 4, 2020. The order denied the plaintiff's motion pursuant to CPLR 5015(a)(1) to vacate an order of the same court dated August 22, 2019, granting the defendant's application pursuant to 22 NYCRR 202.27(b) to dismiss the complaint with prejudice, and to restore the action to the calendar.
ORDERED that the order dated June 4, 2020, is reversed, on the law and in the exercise of discretion, with costs, and the plaintiff's motion pursuant to CPLR 5015(a)(1) to vacate the order dated August 22, 2019, and to restore the action to the calendar is granted.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained when she slipped and fell on ice on property owned by the defendant. In an order dated August 22, 2019 (hereinafter the dismissal order), the Supreme Court granted the defendant's application pursuant to 22 NYCRR 202.27(b) to dismiss the complaint with prejudice, based on the plaintiff's failure to appear at several preliminary conferences.
Subsequently, the plaintiff moved pursuant to CPLR 5015(a)(1) to vacate the dismissal order, and to restore the action to the calendar. In an order dated June 4, 2020, the Supreme Court denied the motion, and the plaintiff appeals.
A party seeking to vacate a default pursuant to CPLR 5015(a)(1) must show both a
reasonable excuse for the default and the existence of a potentially meritorious defense (see Nationstar Mtge., LLC v Mandel, 208 AD3d 668, 669; Natanel v Plaza Ins. Co., 200 AD3d 890, 891; Berganza v Pecora, 192 AD3d 743; Board of Mgrs. of Harborview Condominium v Goodman, 189 AD3d 1529, 1530-1531). "'Whether there is a reasonable excuse for a default is a discretionary, sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits'" (Mtag Cust for Mtag Caz Cr. NY, LLC v County of Nassau, 191 AD3d 662, 663-664, quoting Harcztark v Drive Variety, Inc., 21 AD3d 876, 876-877). A "court has discretion to accept law office failure as a [*2]reasonable excuse (see CPLR 2005) where that claim is supported by a detailed and credible explanation of the default at issue" (Bank of Am., N.A. v Murjani, 199 AD3d 630, 631 [internal quotation marks omitted]).
Here, in support of her motion, the plaintiff set forth a detailed and credible excuse of law office failure that adequately explained the default at issue and also demonstrated the existence of a potentially meritorious cause of action. Under these circumstances, the Supreme Court improvidently exercised its discretion in denying the plaintiff's motion to vacate the dismissal order issued upon her default, and to restore the action to the calendar (see Santiago v City of New York, 206 AD3d 948; Government Empls. Ins. Co. v Avenue C Med., P.C., 166 AD3d 857, 859; Hageman v Home Depot U.S.A., Inc., 25 AD3d 760, 761).
CONNOLLY, J.P., CHRISTOPHER, FORD and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court