Melendez v John P. Picone, Inc. (2023 NY Slip Op 01789)

Melendez v John P. Picone, Inc.

2023 NY Slip Op 01789

Decided on April 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH A. ZAYAS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2021-01945
 (Index No. 700458/18)

[*1]Melissa Melendez, respondent,
v
John P. Picone, Inc., et al., appellants.

Newman Myers Kreines Harris, P.C., New York, NY (Christopher P. Myers and Matthew Lavoie of counsel), for appellants.
The Bongiorno Law Firm, PLLC (Edelstein & Grossman, New York, NY [Jonathan I. Edelstein], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered February 23, 2021. The order granted the plaintiff's motion pursuant to CPLR 5015(a)(1) to vacate an order of the same court entered January 14, 2020, granting the defendants' unopposed motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order entered February 23, 2021, is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in a motor vehicle accident. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The plaintiff failed to oppose the motion. In an order entered January 14, 2020, the Supreme Court granted the unopposed motion. The plaintiff thereafter moved pursuant to CPLR 5015(a)(1) to vacate the order entered January 14, 2020. In an order entered February 23, 2021, the court granted the plaintiff's motion. The defendants appeal.
"A party seeking to vacate a default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion" (Logan v 250 Pac., LLC, 210 AD3d 1064, 1066, citing CPLR 5015[a][1]). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the trial court" (Logan v 250 Pac., LLC, 210 AD3d at 1066). "Whether a proffered excuse is reasonable is a sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Fried v Jacob Holding, Inc., 110 AD3d 56, 60 [internal quotation marks omitted]; see Young Su Hwangbo v Nastro, 153 AD3d 963, 965). "Law office failure may qualify as a reasonable excuse for a party's default if the claim of such failure is supported by a credible and detailed explanation of the default" (Sauteanu v BJ's Wholesale Club, [*2]Inc., 210 AD3d 922, 923 [internal quotation marks omitted]).
Here, the Supreme Court providently exercised its discretion in determining that the plaintiff's excuse for her failure to oppose the defendants' motion due to law office failure was reasonable. The affirmation of the plaintiff's attorney submitted in support of the plaintiff's motion, explaining, inter alia, that an email notifying his firm of the return date of the defendants' motion had been deleted before the date was entered into the firm's office calendaring system was sufficient to establish the proffered excuse of law office failure, especially given the absence of prejudice to the defendants or a pattern of delay by the plaintiff, that the plaintiff moved expeditiously to cure her default, and the strong public policy in favor of resolving cases on the merits (see Nationstar Mtge., LLC v Mandel, 208 AD3d 668, 669; Jacobson v Val, 206 AD3d 803, 804; Patel v New York City Tr. Auth., 199 AD3d 925).
Additionally, contrary to the defendants' contention, the plaintiff demonstrated that she had a potentially meritorious opposition to the defendants' motion (see Serbian Spruce Assoc., Ltd. v U.W. Marx, Inc., 211 AD3d 1067; Ferreira v Singh, 176 AD3d 782, 784; Paul v Weatherwax, 146 AD3d 792, 793).
DILLON, J.P., ZAYAS, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court