Gyu U. Cho v Ibrahina (2024 NY Slip Op 03812)

Gyu U. Cho v Ibrahina

2024 NY Slip Op 03812

Decided on July 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2022-08222
 (Index No. 705244/17)

[*1]Gyu U. Cho, appellant, 
v
Bah Ibrahina, et al., respondents.

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Baker, McEvoy & Moskovits, P.C. (Marjorie E. Borns, Brooklyn, NY, of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Maurice E. Muir, J.), entered September 28, 2022. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was to vacate an order of the same court (Martin J. Schulman, J.) entered October 8, 2019, directing dismissal of the complaint upon the plaintiff's failure to appear at a pretrial conference, and to restore the action.
ORDERED that the order entered September 28, 2022, is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendants to recover damages for personal injuries he alleged he sustained in September 2016 when the vehicle he was driving came into contact with a vehicle owned by the defendant Joseph F. Trainor and operated by the defendant Bah Ibrahina. In an order entered October 8, 2019 (hereinafter the October 2019 order), the Supreme Court directed dismissal of the complaint upon the plaintiff's default in appearing at a pretrial conference. In August 2021, the plaintiff moved, inter alia, to vacate the October 2019 order and to restore the action. In an order entered September 28, 2022, the court, among other things, denied that branch of the plaintiff's motion. The plaintiff appeals.
"In order to vacate a default in appearing at a scheduled court conference, a party must demonstrate both a reasonable excuse for the default and a potentially meritorious defense or cause of action" (Advanced Remodeling of Long Is., Inc. v Monahan, 175 AD3d 1361, 1362; see Nationstar Mtge., LLC v Mandel, 208 AD3d 668, 669). "The determination of what constitutes a reasonable excuse lies within the Supreme Court's discretion, and the court has discretion to accept law office failure as a reasonable excuse where that claim is supported by a detailed and credible explanation of the default at issue" (Pawoor Kim v Xin Chen, 189 AD3d 1061, 1062 [internal quotation marks omitted]).
Here, the Supreme Court properly denied that branch of the plaintiff's motion which was to vacate the October 2019 order and to restore the action. Although the plaintiff may have provided a reasonable excuse for his failure to attend the pretrial conference based on law office [*2]failure (see Ferreira v Singh, 176 AD3d 782, 784; Advanced Remodeling of Long Is., Inc. v Monahan, 175 AD3d at 1362), the plaintiff failed to provide a reasonable excuse for his more than 21-month delay in moving to vacate the default (see Pawoor Kim v Xin Chen, 189 AD3d at 1062; JP Morgan Chase Bank, N.A. v Russo, 121 AD3d 1048, 1049). Since the plaintiff failed to establish a reasonable excuse, it is unnecessary to determine whether he sufficiently demonstrated the existence of a potentially meritorious cause of action (see Wright v City of Poughkeepsie, 136 AD3d 809, 809; Ogazi v Ogazi, 46 AD3d 646, 646).
DUFFY, J.P., CHRISTOPHER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court