New Hope Missionary Baptist Church, Inc. v 466 Lafayette, Ltd. (2024 NY Slip Op 04148)

New Hope Missionary Baptist Church, Inc. v 466 Lafayette, Ltd.

2024 NY Slip Op 04148

Decided on August 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-03269
 (Index No. 34774/08)

[*1]New Hope Missionary Baptist Church, Inc., etc., et al., plaintiffs, 
v
466 Lafayette, Ltd., et al., defendants; Famek Management Corp., intervenor-appellant; Eli Maor, nonparty-respondent (and a third-party action).

Alter & Barbaro, Brooklyn, NY (Troy J. Lambert of counsel), for intervenor-appellant.
Warner & Scheuerman, New York, NY (Karl E. Scheuerman and Jonathan D. Warner of counsel), for nonparty-respondent.

DECISION & ORDER
In a consolidated action, inter alia, pursuant to RPAPL article 15 to quiet title to real property, the intervenor, Famek Management Corp., appeals from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated February 9, 2023. The order denied the intervenor's motion pursuant to CPLR 5015(a)(1) to vacate an order of the same court dated May 4, 2021, denying its prior motion pursuant to CPLR 1001(a) to join nonparty Eli Maor as a necessary party, and thereupon, to grant the intervenor's prior motion.
ORDERED that the order dated February 9, 2023, is reversed, on the law and in the exercise of discretion, with costs, and the motion of the intervenor, Famek Management Corp., to vacate the order dated May 4, 2021, and thereupon, to grant its prior motion pursuant to CPLR 1001(a) to join nonparty Eli Maor as a necessary party is granted.
In 2007, the plaintiff New Hope Missionary Baptist Church, Inc. (hereinafter New Hope), commenced this action, inter alia, pursuant to RPAPL article 15 to quiet title to several properties located in Brooklyn, including 319 Nostrand Avenue (hereinafter the property). The plaintiff Glorious Temple Church of God in Christ, which was a tenant at one of the other properties, commenced a separate action in 2008 to quiet title to that property. In an order dated June 19, 2009, the two actions were consolidated.
In a judgment dated February 10, 2014, the Supreme Court, inter alia, upon the default of certain defendants, awarded New Hope judgment against the defaulting defendants, declared void a deed purporting to convey the property from New Hope to the defendant 466 Lafayette, Ltd., and all deeds flowing therefrom, including a deed conveying the property to Famek Management Corp. (hereinafter Famek), and declared New Hope the sole title owner of the property. In an order dated July 20, 2016, the court authorized New Hope, as a religious corporation, to sell the property to nonparty Eli Maor. By deed dated August 18, 2016, and recorded September 1, 2016, the property was transferred to Maor.
In 2019, Famek was granted leave to intervene in this action, and it interposed an answer asserting counterclaims, inter alia, to quiet title to the property. Thereafter, Famek moved pursuant to CPLR 1001(a) to join Maor as a necessary party to this action. In an order dated May 4, 2021 (hereinafter the May 2021 order), the Supreme Court denied Famek's motion upon its failure to appear for oral argument of the motion. Famek then moved pursuant to CPLR 5015(a)(1) to vacate the May 2021 order, and thereupon, to grant its prior motion to join Maor as a necessary party. In an order dated February 9, 2023, the court denied Famek's motion. Famek appeals.
"A party seeking to vacate a default in appearing on the return date of a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious motion or opposition to the motion" (Santiago v City of New York, 206 AD3d 948, 949; see CPLR 5015[a][1]; Mortgage Elec. Registration Sys., Inc. v Dort-Relus, 166 AD3d 961, 961). "The court has discretion to accept law office failure as a reasonable excuse where that claim is supported by a detailed and credible explanation of the default at issue" (Federal Natl. Mtge. Assn. v Bandhu, 214 AD3d 705, 707 [internal quotation marks omitted]; see CPLR 2005; Guilfoyl v Watts, 212 AD3d 785, 786).
Here, Famek demonstrated a reasonable excuse for its default. The affirmation of its former attorney explained that her default in appearing for oral argument was inadvertent, as her office failed to calendar the oral argument for the correct time (see Advanced Remodeling of Long Is., Inc. v Monahan, 175 AD3d 1361, 1362; Bank of N.Y. Mellon v Faragalla, 174 AD3d 677, 678). Contrary to Maor's contention, Famek's excuse for its default was reasonable, particularly where, as here, the default was an isolated incident, Famek promptly moved to vacate the May 2021 order entered upon its default, and Maor was not prejudiced (see Melendez v John P. Picone, Inc., 215 AD3d 665, 666; Stango v Byrnes, 200 AD3d 821, 823). Famek also established that its motion to join Maor as a necessary party was not just potentially meritorious, but meritorious, as Famek demonstrated that joinder is necessary to accord "complete relief" between the parties, since Famek is seeking, inter alia, to quiet title to property owned by Maor (CPLR 1001[a]; see RPAPL 1511[2]; Dunkin Donuts of N.Y., Inc. v Mid-Valley Oil Co., Inc., 14 AD3d 590, 592).
Accordingly, the Supreme Court should have granted Famek's motion pursuant to CPLR 5015(a)(1) to vacate the May 2021 order denying its prior motion pursuant to CPLR 1001(a) to join Maor as a necessary party, and thereupon, to grant Famek's prior motion.
DUFFY, J.P., MALTESE, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court