Anthony Ambrosio Irrevocable Legacy Trust Dated July 11, 2011 v Kamal Servs., LLC (2024 NY Slip Op 05429)

Anthony Ambrosio Irrevocable Legacy Trust Dated July 11, 2011 v Kamal Servs., LLC

2024 NY Slip Op 05429

Decided on November 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
LILLIAN WAN, JJ.

2021-08847
 (Index No. 524186/17)

[*1]Anthony Ambrosio Irrevocable Legacy Trust Dated July 11, 2011, appellant, 
v
Kamal Services, LLC, et al., defendants.

Domenick Napoletano, Brooklyn, NY, for appellant.

DECISION & ORDER
In an action to foreclose two mortgages, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated November 4, 2021. The order denied the plaintiff's unopposed motion pursuant to CPLR 5015(a)(1) to vacate an order of the same court dated August 26, 2021, granting the unopposed motion of the defendant SMJK Realty, Inc., pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against it for failure to prosecute, and an order of the same court dated October 27, 2021, granting the same relief to that defendant and directing dismissal of the complaint insofar as asserted against that defendant, and to restore the action to the active calendar.
ORDERED that the order dated November 4, 2021, is reversed, on the law and in the exercise of discretion, without costs or disbursements, and the plaintiff's unopposed motion pursuant to CPLR 5015(a)(1) to vacate the orders dated August 26, 2021, and October 27, 2021, and to restore the action to the active calendar is granted.
The plaintiff commenced this action against, among others, the defendant SMJK Realty, Inc. (hereinafter the defendant), to foreclose two mortgages on certain real property located in Brooklyn. In November 2020, the defendant served a written demand pursuant to CPLR 3216 upon the plaintiff to resume prosecution of the action and to serve and file a note of issue within 90 days of receipt of the demand and warned that failure to comply with the demand within the 90-day period would result in a motion to dismiss the complaint insofar as asserted against the defendant for failure to prosecute. The plaintiff did not respond to the demand and did not file a note of issue. The defendant subsequently moved pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against it for failure to prosecute. The plaintiff did not oppose the defendant's motion. In an order dated August 26, 2021, the Supreme Court granted the unopposed motion. In an order dated October 27, 2021, the court granted the same relief to the defendant and directed dismissal of the complaint insofar as asserted against the defendant pursuant to CPLR 3216.
The plaintiff moved pursuant to CPLR 5015(a)(1) to vacate the orders dated August 26, 2021, and October 27, 2021, and to restore the action to the active calendar. In an order dated November 4, 2021, the Supreme Court denied the motion. The plaintiff appeals from the order dated November 4, 2021.
"A case dismissed pursuant to CPLR 3216 may be restored only if the plaintiff can demonstrate both a reasonable excuse for the default and a meritorious cause of action" (Hoffman v Kessler, 28 AD3d 718, 718; see Levy v Berman Motorcars, 163 AD3d 645, 646). "The [*2]determination of what constitutes a reasonable excuse generally lies within the sound discretion of the trial court" (Madonna Mgt. Servs., Inc. v R.S. Naghavi M.D. PLLC, 123 AD3d 986, 987; see Nationstar Mtge., LLC v Mandel, 208 AD3d 668, 669). "Law office failure may qualify as a reasonable excuse for a party's default if the claim of such failure is supported by a credible and detailed explanation of the default" (Melendez v John P. Picone, Inc., 215 AD3d 665, 665-666 [internal quotation marks omitted]; see Guilfoyl v Watts, 212 AD3d 785, 786; see also CPLR 2005).
Here, the Supreme Court improvidently exercised its discretion in determining that the plaintiff did not sufficiently allege law office failure as the excuse for the plaintiff's default in opposing the defendant's motion pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against it for failure to prosecute and the plaintiff's failure to serve and file a note of issue within 90 days of the demand. Affirmations and affidavits submitted by the plaintiff in support of its motion explained that there was a miscommunication between the plaintiff, the plaintiff's former counsel, and the plaintiff's newly retained counsel as to whether the plaintiff's newly retained counsel was handling the representation of the plaintiff (see Madonna Mgt. Servs., Inc. v R.S. Naghavi M.D. PLLC, 123 AD3d at 988). Emails between the plaintiff's former counsel and the plaintiff's newly retained counsel further demonstrated that the plaintiff and the plaintiff's former counsel repeatedly attempted to contact the plaintiff's newly retained counsel. Additionally, the plaintiff demonstrated that it had a meritorious cause of action (see Guilfoyl v Watts, 212 AD3d at 787; 555 Prospect Assoc., LLC v Greenwich Design & Dev. Group Corp., 154 AD3d 909, 910).
Accordingly, the Supreme Court should have granted the plaintiff's unopposed motion pursuant to CPLR 5015(a)(1) to vacate the orders dated August 26, 2021, and October 27, 2021, and to restore the action to the active calendar.
CONNOLLY, J.P., GENOVESI, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court