Shemia v Blueshirt A&M LLC (2025 NY Slip Op 50868(U))

[*1]

Shemia v Blueshirt A&M LLC

2025 NY Slip Op 50868(U)

Decided on May 23, 2025

Supreme Court, Westchester County

Jamieson, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 23, 2025
Supreme Court, Westchester County

Agnes Shemia, Plaintiff,

against
Blueshirt A&M LLC, a New York limited liability company, Defendant.

Index No. 72907/2024

Gutnicki LLP
Attorneys for Plaintiff
4711 Golf Road, Suite 200
Skokie, Illinois 60076
Westerman Ball et al.
Attorneys for Defendant 
1201 RXR Plaza
Uniondale, New York 11556

Linda S. Jamieson, J.

The following papers numbered 1 to 6 were read on these motions: 
Papers                
Numbered
Notice of Motion, Affirmation and Exhibits 1
Memorandum of Law 2
Notice of Cross-Motion, Affirmation and Exhibits 3
Memorandum of Law 4
Affirmation and Exhibit in Reply 5
Reply Memorandum of Law 6
There are two motions before the Court in this breach of contract action. The first motion, filed by plaintiff, seeks (1) a default judgment in the amount of $1,188,681.91; (2) a declaration that defendant transfer possession and ownership of certain collateral in partial or complete satisfaction of the amounts due on a note; and (3) attorneys' fees and costs. The cross-motion, filed by defendant, seeks an order compelling plaintiff to accept defendant's late answer.
Prior to the Preliminary Conference in this matter, defendant contacted the Court to ask if [*2]it could file a motion to dismiss. The Court told the parties to work out a briefing schedule. Instead, the parties discussed settling the matter. This persisted through and after the Preliminary Conference. Although the Court had set a deadline for the motion to dismiss, defendant did not file such a motion. Instead, it waited until after plaintiff had filed the motion for a default to file its own motion to compel acceptance of its late answer.
Plaintiff asserts that defendant is playing games in an "attempt to antagonize Plaintiff and stall its inevitable duty and responsibility under the Note — to make payment." Naturally, defendant disagrees. "To avoid the entry of a default judgment, a defendant who has failed to appear or answer the complaint must provide a reasonable excuse for the default and demonstrate a potentially meritorious defense to the action. . . . Whether a proffered excuse is reasonable is a sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits." King v. 105-02 Forest Hills, LLC, 233 AD3d 939, 940—41, 225 N.Y.S.3d 267, 268—69 (2d Dept. 2024).
Defendant's excuse is that settlement discussions "were extended and were ongoing into March and, to Blueshirt and its counsel's reasonable belief, up until the time that Plaintiff sought to file the present motion." Its defense is that plaintiff did not accelerate the note properly. Given how short the delay is, the lack of prejudice to plaintiff, the absence of any evidence of willfulness and the "strong public policy in favor of resolving cases on the merits," Melendez v. John P. Picone, Inc., 215 AD3d 665, 666, 187 N.Y.S.3d 82, 84 (2d Dept. 2023), the Court finds that the late answer should be accepted. Plaintiff's motion is denied in its entirety, and defendant's motion is granted.
The parties are directed to complete the Preliminary Conference Order and Alternative Dispute Resolution forms that were uploaded to NYSCEF as Document 7 on December 3, 2024. This shall be done within a week of receipt of this Decision and Order.
The foregoing constitutes the decision and order of the Court.[FN1]

Dated: May 23, 2025
White Plains, New York
HON. LINDA S. JAMIESON
Justice of the Supreme Court

Footnotes

Footnote 1:All other arguments raised, and all materials submitted by the parties in connection therewith, have been considered by this Court, notwithstanding the specific absence of reference thereto.