Ping Lin v Dao Asian Rest., Inc. (2025 NY Slip Op 03212)

Ping Lin v Dao Asian Rest., Inc.

2025 NY Slip Op 03212

Decided on May 28, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 28, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2023-02627
 (Index No. 700001/15)

[*1]Ping Lin, etc., respondent, 
v
Dao Asian Restaurant, Inc., et al., appellants.

Kevin Kerveng Tung, P.C., Flushing, NY (Kevin K. Tung of counsel), for appellants.
Troy Law, PLLC, Flushing, NY (John Troy, Aaron Schweitzer, and Tiffany Troy of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for unpaid overtime wages in violation of the Labor Law, the defendants appeal from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), dated January 19, 2023. The order denied the defendants' motion pursuant to CPLR 5015(a)(1) to vacate a prior order of the same court dated August 10, 2022, striking their answer upon their failure to appear at certain pretrial conferences.
ORDERED that the order dated January 19, 2023, is reversed, on the law and in the exercise of discretion, with costs, and the defendants' motion pursuant to CPLR 5015(a)(1) to vacate the order dated August 10, 2022, is granted.
The plaintiff commenced this action, inter alia, to recover damages for unpaid overtime wages in violation of the Labor Law. By order dated August 10, 2022, the Supreme Court granted the plaintiff's oral application to strike the defendants' answer based upon the defendants' failure to appear at certain pretrial conferences. The court indicated that the defendants had failed to appear at pretrial conferences on May 16, 2022, June 13, 2022, and August 8, 2022. In September 2022, the defendants moved pursuant to CPLR 5015(a)(1) to vacate that order. By order dated January 19, 2023, the court denied the defendants' motion. The defendants appeal.
A party seeking to vacate a default in appearing at a conference must demonstrate both a reasonable excuse for its default and a potentially meritorious cause of action or defense (see CPLR 5015[a][1]; Bank of N.Y. Mellon v Faragalla, 174 AD3d 677, 678). "Whether a proffered excuse is reasonable is a sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Fried v Jacob Holding, Inc., 110 AD3d 56, 60 [internal quotation marks omitted]; see Melendez v John P. Picone, Inc., 215 AD3d 665). "Law office failure may qualify as a reasonable excuse for a party's default if the claim of such failure is supported by a credible and detailed explanation of the default" (Sauteanu v BJ's Wholesale Club, Inc., 210 AD3d 922, 923 [internal quotation marks omitted]; see Melendez v John P. Picone, Inc., 215 AD3d at 665-666).
Under the circumstances presented here, the Supreme Court improvidently exercised [*2]its discretion in determining that the defendants' excuse of law office failure was not reasonable. The record reflects that the defendants' counsel did not fail to appear at a pretrial conference on June 13, 2022, as the court stated in the August 10, 2022 order. Rather, that conference was rescheduled for a virtual court appearance to be held on August 8, 2022. Prior to the August 8, 2022 conference, the parties entered into a stipulation in July 2022 to vacate the note of issue and extend the time to complete discovery. In an affirmation in support of the motion, the defendants' counsel explained, among other things, that, since the parties had stipulated to vacate the note of issue and to extend the date to complete discovery to October 4, 2022, and given that the plaintiff had requested the court so-order the stipulation, he believed that the pretrial conference would not be held. The defendants' counsel's explanation was sufficient to establish the proffered excuse of law office failure, particularly given the absence of prejudice to the plaintiff, that the defendants moved expeditiously to cure their default, and the strong public policy in favor of resolving cases on the merits (see Melendez v John P. Picone, Inc., 215 AD3d at 666; Nationstar Mtge., LLC v Mandel, 208 AD3d 668, 669; Jacobson v Val, 206 AD3d 803, 804). Additionally, the defendants demonstrated the existence of a potentially meritorious defense to the action.
Accordingly, the Supreme Court improvidently exercised its discretion in denying the defendants' motion pursuant to CPLR 5015(a)(1) to vacate the order dated August 10, 2022.
In light of our determination, we need not reach the defendants' remaining contentions.
IANNACCI, J.P., WOOTEN, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court