NYCTL 2019-A Trust v 54 Greene Ave. JV, LLC (2025 NY Slip Op 04257)

NYCTL 2019-A Trust v 54 Greene Ave. JV, LLC

2025 NY Slip Op 04257

Decided on July 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2023-12267
 (Index No. 522505/20)

[*1]NYCTL 2019-A Trust, etc., et al., respondents, 
v
54 Greene Avenue JV, LLC, appellant, et al., defendants.

Windels Marx Lane & Mittendorf, LLP, New York, NY (Dennis A. Amore of counsel), for appellant.
Bronster LLP, New York, NY (Josef F. Abt of counsel), for respondents.

DECISION & ORDER
In an action to foreclose a tax lien, the defendant 54 Greene Avenue JV, LLC, appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated November 21, 2023. The order denied that branch of that defendant's motion which was to vacate an order and judgment of foreclosure and sale (one paper) of the same court entered December 15, 2022, upon its failure to appear or answer the complaint.
ORDERED that the order is affirmed, with costs.
In November 2020, the plaintiffs commenced this action against the defendant 54 Greene Avenue JV, LLC (hereinafter the defendant), among others, to foreclose a tax lien on certain real property located in Brooklyn (hereinafter the property). The defendant failed to appear or answer the complaint. In an order dated May 11, 2022, the Supreme Court, inter alia, appointed a referee to compute the amount due to the plaintiffs. In an order and judgment of foreclosure and sale entered December 15, 2022, the court, among other things, confirmed the referee's report and directed the sale of the property. In September 2023, the defendant moved, inter alia, to vacate the order and judgment of foreclosure and sale. In an order dated November 21, 2023, the court denied that branch of the defendant's motion. The defendant appeals.
"A defendant seeking to vacate a default pursuant to CPLR 5015(a)(1) must demonstrate a reasonable excuse for the default and a potentially meritorious defense" (Barnett v Diamond, Fin. Co., Inc., 202 AD3d 651, 652; see Nico v Olajitan, 229 AD3d 561). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the trial court" (Logan v 250 Pac., LLC, 210 AD3d 1064, 1066; see Melendez v John P. Picone, Inc., 215 AD3d 665, 665).
Here, the defendant's conclusory denial of receipt of the summons and complaint served through the Secretary of State did not amount to a reasonable excuse for the defendant's default (see Almonte v Soldati Realty, Inc., 231 AD3d 1103, 1105; Dove v 143 Sch. St. Realty Corp., 172 AD3d 1315, 1317). In any event, the defendant failed to demonstrate a potentially meritorious defense to the action (see NYCTL 1997-1 Trust v Nillas, 288 AD2d 279).
The defendant's remaining contention is without merit.
Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was to vacate the order and judgment of foreclosure and sale.
DILLON, J.P., BRATHWAITE NELSON, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court