Elderco, Inc. v Kneski & Sons, Inc. (2020 NY Slip Op 02766)





Elderco, Inc. v Kneski & Sons, Inc.


2020 NY Slip Op 02766


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2018-14484
 (Index No. 619913/17)

[*1]Elderco, Inc., appellant,
v
Kneski and Sons, Inc., respondent.


Somer Estrin (Law Offices of Gabriele A. Shakeri, PLLC, Port Jefferson, NY, of counsel), for appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated October 24, 2018. The order granted the defendant's motion pursuant to CPLR 5015(a)(1) to vacate an order and judgment (one paper) of the same court entered April 11, 2018, which granted the plaintiff's unopposed motion for leave to enter a default judgment against it in the principal sum of $15,000.
ORDERED that the order dated October 24, 2018, is reversed, on the law, with costs, and the defendant's motion is denied.
The plaintiff commenced this action, inter alia, to recover damages for the defendant's alleged breach of contract. The plaintiff served the defendant by personally delivering a copy of the summons and verified complaint to the defendant's president at the defendant's principal place of business. After the defendant failed to answer or appear, the plaintiff moved for leave to enter a default judgment. The Supreme Court granted the plaintiff's unopposed motion in an order and judgment (one paper) entered April 11, 2018. The defendant subsequently moved to vacate the order and judgment entered April 11, 2018. In an order dated October 24, 2018, the court granted the defendant's motion, and the plaintiff appeals.
A defendant seeking to vacate a default in answering a complaint must show both a reasonable excuse for the default and the existence of a potentially meritorious defense (see CPLR 5015[a][1]; U.S. Bank N.A. v Crawford, 174 AD3d 762, 763; US Bank N.A. v Dedomenico, 162 AD3d 962, 964). Here, the defendant's proffered excuse that its president failed to open and review the contents of a package following its personal delivery upon him, and that the summons and verified complaint may inadvertently have been discarded thereafter, were insufficient to demonstrate a reasonable excuse for the default (see Matter of Colagioia v Colagioia, 129 AD3d 955, 956; Kranenburg v Butwell, 34 AD3d 1005, 1006; Mjahdi v Maguire, 21 AD3d 1067, 1068).
As the defendant failed to demonstrate a reasonable excuse for its default in answering the complaint, it is unnecessary to determine whether it sufficiently demonstrated the existence of a potentially meritorious defense (see US Bank N.A. v Dedomenico, 162 AD3d at 964).
MASTRO, J.P., CONNOLLY, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court