Natanel v Plaza Ins. Co. (2021 NY Slip Op 07005)





Natanel v Plaza Ins. Co.


2021 NY Slip Op 07005


Decided on December 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.


2019-04076
 (Index No. 512695/18)

[*1]Yariv Natanel, appellant, 
v
Plaza Insurance Company, respondent.


Law Office of Alan J. Sasson, P.C., Brooklyn, NY, for appellant.
Law Offices of Erick K. Alahverdian, P.C., Bethpage, NY (Gerard Van Leuvan of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated February 21, 2019. The order granted the defendant's motion pursuant to CPLR 5015(a)(1) to vacate a judgment of the same court dated August 7, 2018, entered upon the defendant's failure to appear or answer the complaint. Justice Wooten has been substituted for Justice Genovesi (see 22 NYCRR 1250.1[b]).
ORDERED that the order is affirmed, without costs or disbursements.
The plaintiff commenced this action to recover damages for the defendant's alleged breach of an automobile insurance contract. After the defendant failed to appear or answer the complaint, a default judgment dated August 7, 2018, was entered against it in the total sum of $272,054.22. The defendant subsequently moved pursuant to CPLR 5015(a)(1) to vacate the judgment. In an order dated February 21, 2019, the Supreme Court granted the motion. We affirm.
A defendant seeking to vacate a default in answering a complaint pursuant to CPLR 5015(a)(1) must show both a reasonable excuse for the default and the existence of a potentially meritorious defense (see CPLR 5015[a][1]; Elderco, Inc. v Kneski & Sons, Inc., 183 AD3d 703, 703). "'Whether there is a reasonable excuse for a default is a discretionary, sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits'" (Mtag Cust for Mtag Caz Cr. NY, LLC v County of Nassau, 191 AD3d 662, 663-664, quoting Harcztark v Drive Variety, Inc., 21 AD3d 876, 876-877). Under the circumstances of this case, including the lack of prejudice to the plaintiff, and the strong public policy in favor of resolving cases on the merits, the Supreme Court providently exercised its discretion in accepting the defendant's proffered excuse (see Torres v DeJesus, 197 AD3d 1260). In addition, the defendant demonstrated a potentially meritorious defense to the action, inter alia, with evidence that it did not insure the subject vehicle. Accordingly, the court properly granted the defendant's motion to vacate the judgment.
The defendant's remaining contentions are either improperly raised for the first time [*2]on appeal or without merit.
CHAMBERS, J.P., MILLER, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court