6 Crannell St., LLC v Urban Green Equities, LLC (2022 NY Slip Op 04613)

6 Crannell St., LLC v Urban Green Equities, LLC

2022 NY Slip Op 04613

Decided on July 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
ROBERT J. MILLER, JJ.

2021-04687
 (Index No. 53495/20)

[*1]6 Crannell Street, LLC, et al., appellants, 
v
Urban Green Equities, LLC, respondent, et al., defendant.

Stenger, Diamond & Glass, LLP, Wappingers Falls, NY (Kenneth M. Stenger of counsel), for appellants.
Andrew W. Hayes, New York, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to retain down payments made upon two contracts for the sale of real property, the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated June 23, 2021. The order, insofar as appealed from, granted that branch of the renewed motion of the defendant Urban Green Equities, LLC, which was pursuant to CPLR 5015(a) to vacate a judgment of the same court entered February 17, 2021, upon that defendant's failure to appear or answer the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In October 2020, the plaintiffs commenced this action to retain down payments made upon two contracts for the sale of a theater and parking lot, respectively, to recover damages for breach of an agreement for the sale of a business, and for related declaratory relief against the defendant Urban Green Equities, LLC (hereinafter the defendant), and another defendant. On February 17, 2021, a judgment was entered against the defendant upon its failure to appear or answer the complaint (hereinafter the default judgment). Six days later, the defendant moved pursuant to CPLR 5015(a) to vacate the default judgment. In an order dated April 12, 2021, the Supreme Court denied the defendant's motion "without prejudice to renew upon proper papers." By notice of motion dated May 12, 2021, the defendant made a renewed motion, inter alia, pursuant to CPLR 5015(a) to vacate the default judgment. The plaintiffs opposed the motion. In an order dated June 23, 2021, the court, inter alia, granted that branch of the defendant's renewed motion which was pursuant to CPLR 5015(a) to vacate the default judgment. The plaintiffs appeal.
"A defendant seeking to vacate a default in answering a complaint pursuant to CPLR 5015(a) must show both a reasonable excuse for the default and the existence of a potentially meritorious defense" (Natanel v Plaza Ins. Co., 200 AD3d 890, 891; see CPLR 5015[a][1]; Elderco, Inc. v Kneski & Sons, Inc., 183 AD3d 703, 703). "Whether there is a reasonable excuse for a default is a discretionary, sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Natanel v Plaza Ins. Co., 200 AD3d at 891 [internal quotation marks omitted]).
Here, given the totality of all relevant factors, including the lack of any evidence of willfulness by the defendant, the short delay of only six days in moving to vacate the default judgment after its entry, the lack of prejudice to the plaintiffs from the delay, and the strong public policy in favor of resolving cases on the merits, the Supreme Court providently exercised its discretion in determining that the defendant established a reasonable excuse for its default (see id.; Stango v Byrnes, 200 AD3d 821, 823; Garcia v City of New York, 189 AD3d 788, 789; P & H Painting, Inc. v Flintlock Constr. Servs., LLC, 179 AD3d 1086, 1087). In addition, the defendant established a potentially meritorious defense to the action by proffering evidence that the plaintiff was in breach of the agreement for the sale of the business and, thus, not entitled to retain the down payments made upon the contracts for the sale of the theater and the parking lot (see Khanal v Sheldon, 74 AD3d 894, 896).
The parties' remaining contentions are either without merit or not properly before this Court.
Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the defendant's renewed motion which was pursuant to CPLR 5015(a) to vacate the default judgment.
BARROS, J.P., RIVERA, CHAMBERS and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court