McCarey v Offshore Trophy Room, Inc. (2024 NY Slip Op 00415)

McCarey v Offshore Trophy Room, Inc.

2024 NY Slip Op 00415

Decided on January 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2020-03026
 (Index No. 605150/18)

[*1]Margaret McCarey, appellant, 
v
Offshore Trophy Room, Inc., etc., et al., respondents.

Sanders, Sanders, Block, Woycik, Viener & Grossman, P.C., Mineola, NY (Martin Block and Melissa C. Ingrassia of counsel), for appellant.
Lennon Murphy & Phillips, LLC, New York, NY (Charles E. Murphy of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated March 4, 2020. The order, insofar as appealed from, granted that branch of the defendants' motion which was to vacate a judgment of the same court entered October 15, 2019, upon their failure to appear or answer the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
This is an action to recover damages for personal injuries. A judgment was entered in favor of the plaintiff and against the defendants upon their failure to appear or answer the complaint. The defendants moved, inter alia, to vacate the judgment, and the plaintiff opposed the defendants' motion. In an order dated March 4, 2020, the Supreme Court, among other things, granted that branch of the defendants' motion which was to vacate the judgment. The plaintiff appeals.
A defendant seeking to vacate a default in answering a complaint pursuant to CPLR 5015(a)(1) must show both a reasonable excuse for the default and the existence of a potentially meritorious defense (see Natanel v Plaza Ins. Co., 200 AD3d 890, 891). "Whether there is a reasonable excuse for a default is a discretionary, sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (id. at 891 [internal quotation marks omitted]). Under the circumstances of this case, including the strong public policy in favor of resolving cases on the merits, the Supreme Court providently exercised its discretion in accepting the defendants' proffered excuses (see id.). In addition, the defendants demonstrated potentially meritorious defenses to the action. Accordingly, the court properly granted that branch of the defendants' motion which was to vacate the judgment.
The plaintiff's remaining contention is academic in view of the foregoing.
DILLON, J.P., CHAMBERS, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court