Marzilliano v Place to Beach (2024 NY Slip Op 03817)

Marzilliano v Place to Beach

2024 NY Slip Op 03817

Decided on July 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2022-08338
 (Index No. 515008/20)

[*1]Anthony Marzilliano, respondent, 
v
Place to Beach, et al., appellants, et al., defendants.

Sobel Pevzner, LLC, Huntington, NY (Aaron C. Gross of counsel), for appellants.
Monteleone & Siegel, PLLC, Mineola, NY (Jarad L. Siegel of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Place to Beach and Cai Foods, Inc., appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated September 23, 2022. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was pursuant to CPLR 3126 to preclude those defendants from offering evidence at trial, testifying at trial, and submitting an affidavit in response to any dispositive motion.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained during an altercation that took place as he was leaving a bar operated by the defendant Place to Beach on premises owned by the defendant Cai Foods, Inc., in Brooklyn (hereinafter together the defendants). The plaintiff served discovery demands on the defendants, and in an order dated August 20, 2021, the defendants were directed to respond to the demands within 30 days. The defendants did not provide the discovery responses. In an order dated May 19, 2022 (hereinafter the conditional order), the Supreme Court, inter alia, directed the defendants to provide responses to all outstanding discovery requests within 20 days and stated that "failure to comply with this order will result in the non-complying party being precluded from offering evidence, testifying at trial, or submitting an affidavit in response to any dispositive motion, upon further motion for same, pursuant to CPLR 3126(2)."
Thereafter, in August 2022, the plaintiff moved, among other things, pursuant to CPLR 3126 to preclude the defendants from offering evidence at trial, testifying at trial, and submitting an affidavit in response to any dispositive motion for failure to provide discovery as directed by the conditional order. In an order dated September 23, 2022, the Supreme Court, inter alia, granted that branch of the plaintiff's motion. The defendants appeal.
"A conditional order of preclusion requires a party to provide certain discovery by a date certain, or face the sanctions specified in the order" (Mention v Archbishop Stepinac High Sch., 223 AD3d 893, 894 [internal quotation marks omitted]; see Vallejo v Uzzi, 213 AD3d 794, 796; Naiman v Fair Trade Acquisition Corp., 152 AD3d 779, 780). "Where a party fails to comply with the terms of a conditional order prior to the deadline imposed therein, the conditional order becomes [*2]absolute" (Mention v Archbishop Stepinac High Sch., 223 AD3d at 894 [internal quotation marks omitted]; see Martin v Dormitory Auth. of the State of N.Y., 208 AD3d 576, 577). "To be relieved of the adverse impact of a conditional order, a defaulting defendant must demonstrate a reasonable excuse for the failure to comply with the order and the existence of a potentially meritorious defense" (Kwiatkowski v My Jamie Joseph Only, Inc., 216 AD3d 628, 630; see Halyard v Magellan Aerospace N.Y., Inc., 221 AD3d 592, 594; Spetner v Dan, 205 AD3d 753, 754).
Here, the defendants failed to comply with the conditional order by not providing the required discovery responses within 20 days of the conditional order. Further, the defendants failed to demonstrate a reasonable excuse for their failure to comply with the conditional order (see Mention v Archbishop Stepinac High Sch., 223 AD3d at 895; Vallejo v Uzzi, 213 AD3d at 796; Martin v Dormitory Auth. of the State of N.Y., 208 AD3d at 578; Lieberman v Green, 190 AD3d 713, 714-715) and made no effort to demonstrate a potentially meritorious defense.
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was pursuant to CPLR 3126 to preclude the defendants from offering evidence at trial, testifying at trial, and submitting an affidavit in response to any dispositive motion.
CONNOLLY, J.P., MALTESE, DOWLING and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court