ZG Palmetto, LLC v Alongi (2024 NY Slip Op 04419)

ZG Palmetto, LLC v Alongi

2024 NY Slip Op 04419

Decided on September 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-07083
 (Index No. 718493/20)

[*1]ZG Palmetto, LLC, respondent, 
v
Louis Alongi, et al., appellants, et al., defendants.

New York Legal Assistance Group, New York, NY (Lisa Rivera and Sophie E. Cohen of counsel), for appellants.
Butnick & Levenson LLP, New York, NY (Stephane J. Avouac of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for ejectment, the defendants Louis Alongi and Roseanne Alongi appeal from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered August 24, 2022. The order denied those defendants' motion to vacate so much of an order of the same court entered March 1, 2022, as granted that branch of the plaintiff's motion which was for leave to enter a default judgment against them, for leave to serve a late answer, and to stay the action pursuant to the COVID-19 Emergency Rental Assistance Program.
ORDERED that the order entered August 24, 2022, is reversed, on the law and in the exercise of discretion, with costs, those branches of the motion of the defendants Louis Alongi and Roseanne Alongi which were to vacate so much of the order entered March 1, 2022, as granted that branch of the plaintiff's motion which was for leave to enter a default judgment against them and for leave to serve a late answer are granted, and the matter is remitted to the Supreme Court, Queens County, for a new determination of that branch of the motion of the defendants Louis Alongi and Roseanne Alongi which was to stay the action pursuant to the COVID-19 Emergency Rental Assistance Program.
The defendants Louis Alongi and Roseanne Alongi (hereinafter together the defendants) have lived in a rent-stabilized apartment in Ridgewood, Queens, since 1994. The plaintiff is the owner of the apartment. In December 2019, the plaintiff commenced a holdover proceeding in the Civil Court, Queens County, alleging that the defendants' right to occupy the apartment had been terminated on the ground that the defendants committed a nuisance. The acts underlying the claim of nuisance allegedly occurred in 2018 and June and July 2019. The defendants retained counsel, and counsel filed a notice of appearance and engaged with the plaintiff's counsel on numerous occasions in the proceeding.
In October 2020, while the holdover proceeding was pending, the plaintiff commenced this action in the Supreme Court, Queens County, based upon the same allegations of nuisance, seeking, inter alia, to eject the defendants from the apartment and to recover from them market rent from October 1, 2020, until they vacated the apartment. In its request for judicial intervention, the plaintiff failed to disclose the related holdover proceeding, even though it was based [*2]upon the same allegations of nuisance. The plaintiff did not serve the summons and complaint upon the attorney representing the defendants in the holdover proceeding.
In December 2020, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendants based upon their failure to answer the complaint. An attorney for the defendants filed a notice of appearance, and the defendants opposed the motion, arguing, among other things, that the relief sought was prohibited by the COVID-19 Emergency Eviction and Foreclosure Prevention Act of 2020 (L 2020, ch 381; hereinafter CEEFPA). In an order dated March 8, 2021, the Supreme Court denied the plaintiff's motion, determining that CEEFPA effected a moratorium or stay that prevented the action from proceeding.
On January 19, 2022, Roseanne Alongi applied for assistance from the COVID-19 Emergency Rental Assistance Program (hereinafter CERAP). In compliance with Administrative Order of the Chief Administrative Judge of the Courts AO/244/21, the plaintiff filed in the Civil Court in the holdover proceeding a notice dated January 20, 2022, of the pending CERAP application, but the plaintiff did not notify the Supreme Court in this action. In this action, the plaintiff again moved, inter alia, for leave to enter a default judgment against the defendants, the defendants opposed the motion, and in an order entered March 1, 2022 (hereinafter the default order), the Supreme Court, among other things, granted that branch of the motion.
On March 24, 2022, the defendants moved to vacate so much of the default order as granted that branch of the plaintiff's motion which was for leave to enter a default judgment against them, for leave to serve a late answer, and to stay the action pursuant to CERAP. In an order entered August 24, 2022, the Supreme Court denied the motion. The court determined, inter alia, that CERAP only applies to a summary proceeding pursuant to RPAPL article 7, not an action, and therefore, the court did not consider the merits of that branch of the defendants' motion which was to stay the action pursuant to CERAP. The defendants appeal. By decision and order on motion dated January 6, 2023, this Court, among other things, granted that branch of the defendants' motion which was to stay all proceedings in the action pending hearing and determination of the appeal.
Among the public health measures taken in response to the COVID-19 pandemic, the Legislature enacted CERAP as part of its efforts to prevent residential evictions (see L 2021, ch 56, § 1, part BB, § 1, subpart A, as amended by L 2021, ch 417). CERAP provided rental assistance, among other things, to eligible applicants (see id.). As relevant here, CERAP provided for a stay of an "eviction proceeding" upon a tenant's application for assistance and declaration of hardship (L 2021, ch 417, § 2, part C, § 1, subpart A, §§ 4, 10[a]). An "eviction proceeding" was defined to "mean[ ] a summary proceeding to recover possession of real property under [RPAPL article 7] relating to a residential dwelling unit or any other judicial or administrative proceeding to recover possession of real property relating to a residential dwelling unit" (L 2021, ch 417, § 2, part C, § 1, subpart A, § 1[1] [emphasis added]). Contrary to the determination of the Supreme Court, the plain language of CERAP establishes that it was not limited to RPAPL article 7 proceedings, and its broad definition of "eviction proceeding" included any other judicial proceeding to recover possession of real property, such as this action, inter alia, for ejectment (see Casey v Whitehouse Estates, Inc., 73 Misc 3d 562, 568 [Sup Ct, NY County]; NYCTL 2016-A Trust v Neighborhood Youth & Family Servs., Inc., 71 Misc 3d 479, 483-484 [Sup Ct, Bronx County]). Accordingly, the court should have considered the merits of that branch of the defendants' motion which was to stay the action pursuant to CERAP.
"A defendant seeking to vacate a default in answering a complaint and to compel the plaintiff to accept an untimely answer . . . must provide a reasonable excuse for the default and demonstrate a potentially meritorious defense" (Pare v Pare, 222 AD3d 765, 767; see Gambino v Deutsche Bank Natl. Trust Co., 181 AD3d 565, 566). "Whether there is a reasonable excuse for a default is a discretionary, sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Harcztark v Drive Variety, Inc., 21 AD3d 876, 876-877; see McCarey v Offshore Trophy Room, Inc., 223 AD3d 893, 893). Under the circumstances of this case, including the lack of [*3]prejudice to the plaintiff, the minor delay when accounting for the COVID-19-related stays, the plaintiff's failure to disclose the related holdover proceeding, and the strong public policy of resolving cases on the merits, the defendants' proffered excuse was reasonable (see McCarey v Offshore Trophy Room, Inc., 223 AD3d at 893; Pare v Pare, 222 AD3d at 767; Natanel v Plaza Ins. Co., 200 AD3d 890, 891). In addition, the defendants demonstrated a potentially meritorious defense to the action. Accordingly, the Supreme Court should have granted those branches of the defendants' motion which were to vacate so much of the default order as granted that branch of the plaintiff's motion which was for leave to enter a default judgment against them and for leave to serve a late answer.
Since the Supreme Court did not consider the merits of that branch of the defendants' motion which was to stay the action pursuant to CERAP, we remit the matter to the Supreme Court, Queens County, for a new determination of that branch of the motion.
BRATHWAITE NELSON, J.P., MALTESE, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court