1712 & 1715 HDFC, Inc. v Disla (2024 NY Slip Op 51272(U))

[*1]

1712 & 1715 HDFC, Inc. v Disla

2024 NY Slip Op 51272(U)

Decided on September 13, 2024

Civil Court Of The City Of New York, Bronx County

Ibrahim, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 13, 2024
Civil Court of the City of New York, Bronx County

1712 & 1715 HDFC, Inc., Petitioner,

against
Raysa Figueroa Disla, Respondent.

Index No. 332125/2022 

For Petitioner: Novick Edelstein Pomerantz, PC
733 Yonkers Ave
Yonkers, New York 10704
Respondent: Pro Se

Shorab Ibrahim, J.

Recitation, as required by C.P.L.R. § 2219(a), of the papers considered in review of this motion. 
Papers Numbered:
Notice of Motion (NYSCEF DOC. 1), With Affidavit (Doc. 8, p. 1), and Exhibits (Docs. 8, p. 2-27) 1
DISCUSSION
This proceeding was commenced in late 2022. Petitioner seeks possession of the subject apartment based on the alleged non-payment of rent. Respondent never answered. Petitioner obtained a default judgment and warrant of eviction in July 2023. (see NYSCEF Doc. 6). Respondent has not appeared to date.
Perhaps aware of an Emergency Rent Assistance Program (ERAP) application, petitioner apparently did not attempt an eviction or move to restore the case until now. It turns out that the respondent filed an ERAP application on or about June 11, 2021. This application was approved almost three years later in April 2024. (see NYSCEF Doc. 8, p. 2). The tenancy is subject to a Section 8 subsidy, (see petition at NYSCEF Doc. 1), likely accounting for the delay in the determination. (see generally Clinton Arms Associates v De Gonzalez, 78 Misc 3d 1131, 1135-36 [Civ Ct, Bronx County 2023] (noting the ERAP statute specifically placed rent-subsidized tenants at the "back of the line," leading to long delays with those applications)).
Petitioner now moves to restore the case because the ERAP associated stay expired when a determination was made. (see Bank of NY Trust Co. v Courtney, 78 Misc 3d 27, 29 [App Term, 1st Dept. 2023], citing L 2021, ch 56, § 1, part BB, § 1, subpart A, sec 1, § 8, as amended by L 2021, ch 417, § 2, part A, § 4); Finke v Fiore, 2024 NY Slip Op 51183(U), 2 [App Term, 2nd [*2]Dept, 9th & 10th Jud. Dists. 2024]).
The motion is granted and the ERAP stay is vacated. However, the court cannot end its analysis here.
In relevant part, the ERAP statute reads: "[e]xcept as provided in section nine-a of this act, in any pending eviction proceeding, whether filed prior to, on, or after the effective date of this act, against a household who has applied or subsequently applies for benefits under this program or any local program administering federal emergency rental assistance program funds to cover all or part of the arrears claimed by the petitioner, all proceedings shall be stayed pending a determination of eligibility [by the Office of Temporary and Disability Assistance]." (L 2021, ch 56, § 1, part BB, § 1, subpart A, sec 1, § 8, as amended by L 2021, ch 417, § 2, part A, § 4) [emphasis added]).
This is an "eviction proceeding" and there is no serious question that issuance of a judgment and warrant of eviction violates the provision that "all proceedings shall be stayed."
The stay is "by operation of law." (Main St. Lofts Yonkers, LLC v Mabuwa, 2024 NY Slip Op 51192(U), 1 [App Term, 2nd Dept. 9th & 10th Jud. Dists. 2024]; Ben Ami v Ronen, 79 Misc 3d 14, 16 [App Term, 2nd Dept, 2d, 11th & 13th Jud. Dists. 2023]; Avalonbay Communities Inc v Dukes, 78 Misc 3d 134(A), 1 [App Term, 2nd Dept. 9th & 10th Jud. Dists. 2023]). Consequently, the stay is automatic when the ERAP application is filed; it is not dependent on notice to a landlord. (see ZG Palmetto, LLC v Alongi, 2024 NY Slip Op 04419, 2 [2nd Dept. 2024] (ERAP provided for a stay of an eviction proceeding upon a tenant's application for assistance) [quotations and citations omitted][FN1]
; Bank of New York Trust Co. v Courtney, 78 Misc 3d at 29 (noting that the filing alone stays the eviction proceeding)).
In Mabuwa, issued days ago, an after trial final judgment was vacated because the trial was held while the ERAP application was pending. (see 2024 NY Slip Op 51192(U)). In Finke, the court held a stipulation executed while an ERAP application was pending should be vacated. (see 83 Misc 3d 134(A); see also Youngstar Irrevocable Trust v Paetz, 78 Misc 3d 135(A), 1 [App Term, 2nd Dept. 9th & 10th Jud. Dists.] (noting that while ERAP application is pending, landlord barred from commencing case against tenant)).
Consequently, based on a plain reading of the statute and pursuant to the appellate authority cited herein, the judgement and warrant issued while there was a stay must be vacated. Petitioner, of course, may seek through the warrant clerk any relief it is now entitled to.
This constitutes the Decision and Order of the court. It will be posted to NYSCEF and a copy will be mailed to the respondent.
Dated: September 13, 2024
Bronx, NY
So Ordered, 
/S/
SHORAB IBRAHIM, JHC

Footnotes

Footnote 1: see also 
https://www.law.cornell.edu/wex/operation of_law. Accessed on September 13, 2024.