Torres v Sawyers (2025 NY Slip Op 04500)

Torres v Sawyers

2025 NY Slip Op 04500

Decided on July 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
WILLIAM G. FORD
CARL J. LANDICINO
LAURENCE L. LOVE, JJ.

2023-09025
 (Index No. 514660/17)

[*1]Abraham Torres, appellant, 
v
Jason A. Sawyers, et al., defendants; Motor Vehicle Accident Indemnification Corporation, nonparty-respondent.

William Pager, Brooklyn, NY, for appellant.
Jaime E. Gangemi (Kornfeld, Rew, Newman & Simeone, Suffern, NY [Scott A. Dow], of counsel), for nonparty-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated May 25, 2023. The order granted the motion of nonparty Motor Vehicle Accident Indemnification Corporation to vacate an order of the same court dated September 9, 2022, granting the plaintiff's motion, inter alia, to compel nonparty Motor Vehicle Accident Indemnification Corporation to pay the value of an unpaid judgment entered against the defendants pursuant to Insurance Law § 5210.
ORDERED that the order dated May 25, 2023, is affirmed, with costs.
The plaintiff commenced this action against the defendants, Jason A. Sawyers and Madelyn Sawyers, to recover damages for personal injuries that he allegedly sustained in a motor vehicle collision involving the defendants. The defendants failed to interpose an answer. A default judgment was entered in favor of the plaintiff and against the defendants in the principal sum of $25,000. In December 2021, the plaintiff moved, inter alia, to compel Motor Vehicle Accident Indemnification Corporation (hereinafter MVAIC) to pay the value of the unpaid judgment entered against the defendants pursuant to Insurance Law § 5210. MVAIC did not oppose the motion. In an order dated September 9, 2022, the Supreme Court granted the plaintiff's motion and directed MVAIC to pay to the plaintiff "the maximum limit of MVAIC's liability under the Insurance Law." Thereafter, in October 2022, MVAIC moved to vacate the order dated September 9, 2022. In an order dated May 25, 2023, the court granted MVAIC's motion. The plaintiff appeals.
"'A party seeking to vacate a default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion'" (Melendez v John P. Picone, Inc., 215 AD3d 665, 665, quoting Logan v 250 Pac., LLC, 210 AD3d 1064, 1066). "Whether there is a reasonable excuse for a default is a discretionary, sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (McCarey v Offshore Trophy Room, Inc., 223 AD3d 893, 893 [internal quotation marks omitted]).
Here, MVAIC submitted an affidavit of Stephen Joyce, a tort examiner employed by MVAIC, who stated that, due to an oversight, he mistakenly believed that the plaintiff's motion pertained to a different case and failed to forward the motion to MVAIC's counsel. Under the circumstances, and especially considering that MVAIC moved expeditiously to cure the default, the lack of willfulness on the part of MVAIC, the absence of prejudice to the plaintiff, and the strong public policy in favor of deciding cases on the merits, we cannot say that the Supreme Court improvidently exercised its discretion in accepting MVAIC's proffered excuse for the default (see Carrington v Northwell Health, 234 AD3d 659, 661; Selene Fin., L.P. v Beltran, 233 AD3d 822, 823-824). Furthermore, MVAIC also demonstrated that it had a potentially meritorious opposition to the motion.
Accordingly, the Supreme Court properly granted MVAIC's motion to vacate the order dated September 9, 2022.
MILLER, J.P., FORD, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court