Acevedo v 439 Realty Corp. (2025 NY Slip Op 07370)

Acevedo v 439 Realty Corp.

2025 NY Slip Op 07370

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2023-11197
 (Index No. 522750/16)

[*1]Marisol Acevedo, appellant, 
v439 Realty Corporation, et al., defendants, Kraupner-Academy Pharmacy, Inc., respondent.

Sass Law Office LLC, New York, NY (Laurence J. Sass of counsel), for appellant.
Ephrem J. Wertenteil, New York, NY, for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated July 27, 2023. The order granted the motion of the defendant Kraupner-Academy Pharmacy, Inc., (1) to vacate so much of an order of the same court dated March 25, 2019, as granted that branch of the plaintiff's motion which was for leave to amend the complaint to add Kraupner-Academy Pharmacy, Inc., as a defendant, an order of the same court dated November 18, 2019, granting the plaintiff's unopposed motion for leave to enter a default judgment against the defendant Kraupner-Academy Pharmacy, Inc., and a judgment of the same court dated November 29, 2022, which is in favor of the plaintiff and against the defendant Kraupner-Academy Pharmacy, Inc., in the principal sum of $150,000, and (2) to dismiss the complaint insofar as asserted against the defendant Kraupner-Academy Pharmacy, Inc., as time-barred.
ORDERED that the order dated July 27, 2023, is reversed, on the law and in the exercise of discretion, with costs, and the motion of the defendant Kraupner-Academy Pharmacy, Inc., (1) to vacate so much of the order dated March 25, 2019, as granted that branch of the plaintiff's motion which was for leave to amend the complaint to add Kraupner-Academy Pharmacy, Inc., as a defendant, the order dated November 18, 2019, and the judgment, and (2) to dismiss the complaint insofar as asserted against the defendant Kraupner-Academy Pharmacy, Inc., as time-barred is denied.
A building located at 1350 Greene Avenue, Brooklyn, (hereinafter the building), is owned by the defendant Kraupner-Academy Pharmacy, Inc. (hereinafter Academy). The defendant Kraupner Pharmacy, Inc. (hereinafter the Pharmacy), was a tenant of the building. On March 6, 2015, the plaintiff, an employee of another tenant of the building, was descending stairs at the building when she slipped and fell, becoming injured.
On December 22, 2016, the plaintiff commenced this action against the defendant 439 Realty Corporation and the Pharmacy. On November 5, 2018, the plaintiff moved, inter alia, for leave to amend the complaint to add Academy as a defendant. In an order dated March 25, 2019 (hereinafter the March 2019 order), the Supreme Court, among other things, granted that branch of the plaintiff's motion. On May 13, 2019, the plaintiff served a second supplemental summons and [*2]amended complaint on Academy through the New York Secretary of State. The plaintiff subsequently mailed a copy of the amended complaint to the building's address. On August 15, 2019, the plaintiff moved for leave to enter a default judgment against Academy based upon its failure to respond to the second supplemental summons and amended complaint. In an order dated November 18, 2019 (hereinafter the November 2019 order), the court granted the plaintiff's motion without opposition. A judgment dated November 29, 2022, was issued in favor of the plaintiff and against Academy in the principal sum of $150,000. Thereafter, on December 27, 2022, Academy moved (1) to vacate so much of the March 2019 order as granted that branch of the plaintiff's motion which was for leave to amend the complaint to add Academy as a defendant, the November 2019 order, and the judgment, and (2) to dismiss the complaint insofar as asserted against it as time-barred. In an order dated July 27, 2023, the court granted Academy's motion. The plaintiff appeals.
Initially, to the extent that Academy contends that it was required to be served with a copy of the plaintiff's motion, inter alia, for leave to amend the complaint to add it as a defendant, this contention is unavailing. In order to add a defendant to an action, a plaintiff "in most cases must first apply for, and then await, judicial permission" (Abraham v Torati, 219 AD3d 1275, 1285 [internal quotation marks omitted]). A court may entertain such a motion "even though the proposed additional defendant had not been served with a copy of the motion" (id. [internal quotation marks omitted]).
"'A defendant seeking to vacate a default in answering or appearing upon the grounds of excusable default pursuant to CPLR 5015(a)(1) must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action'" (Gilhuys v Trovato, 233 AD3d 963, 964, quoting Bethpage Fed. Credit Union v Grant, 178 AD3d 997, 999). "The determination of what constitutes a reasonable excuse lies within the Supreme Court's discretion" (U.S. Bank N.A. v Smith, 210 AD3d 725, 728).
Here, Academy, through its principal, admitted to receiving the second supplemental summons and amended complaint, but the principal averred that he failed to respond because he did not realize the complaint had been amended to add Academy as a defendant and because he assumed the Pharmacy's attorney would handle it. This excuse was not reasonable under the circumstances presented (see e.g. Elderco, Inc. v Kneski & Sons, Inc., 183 AD3d 703; Kranenburg v Butwell, 34 AD3d 1005). Since Academy failed to establish a reasonable excuse for its default, it is unnecessary to determine whether it demonstrated a potentially meritorious defense to the action.
Accordingly, the Supreme Court should have denied Academy's motion (1) to vacate so much of the March 2019 order as granted that branch of the plaintiff's motion which was for leave to amend the complaint to add Academy as a defendant, the November 2019 order, and the judgment, and (2) to dismiss the complaint insofar as asserted against it as time-barred.
In light of the foregoing, we need not reach the parties' remaining contentions.
LASALLE, P.J., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court